Merrimack,
No. 5445.

JAMES T. HOWLEY

*v.*

STATE *& a.*

Argued February 1, 1966.
Decided April 29, 1966.

*Upton, Sanders & Upton* and *Gilbert Upton* ( *Mr. Gilbert Upton* orally ), for the plaintiff.

*James M. Riley, Jr.* and *Edward F. Smith* ( *Mr. Smith* orally ), for the defendants.

BLANDIN, J. The issue here to which the basic exceptions of the defendant are directed is to the Court's interpretation of RSA 282:4A( 1 ) ( supp ) and department regulation 21, which, by virtue of the statute, is an integral part of it. *Nashua Corp.* v. *Brown,* 99 N. H. 205, 208.

Section 4A( 1 ) ( supp ), *supra,* and regulation 21 read as follows: "An individual shall be disqualified for benefits [if] he left his work voluntarily without good cause in accordance with rules and regulations of the commissioner." Regulation 21 states: "An individual shall be considered to have left his work voluntarily without good cause if of his own choice or volition he terminates the employee-employer relationship for a reason which is not attributable to the employer."

The facts are simple and undisputed: The plaintiff Howley is a journeyman plumber and for some time he had worked for the defendant Walter J. Parenteau, Inc., at an hourly rate of $3.85. On Friday night, June 19, 1964, he went home as usual. He was not required to return to work until Monday. Sunday, June 21, he suffered a coronary thrombosis. His wife called Parenteau that day and told him that her husband would be unable to come in on Monday, the twenty-second. There is no claim or evidence that his illness was connected in any way with his work. His job was available for him on the twenty-second, but he was unable to return until October 9, 1964. On that day, he offered to go back and was told that there was no work for him. He immediately filed for unemployment compensation benefits, and after various proceedings which it is unnecessary to detail here, the case was heard by the Superior Court and transferred to us.

The crucial question, affirmatively stated, is whether the Court could properly find and rule that the plaintiff left his work involuntarily and for a reason attributable to his employer. RSA 282:4A( 1 ) ( supp ); department regulation 21. *Nashua Corp.* v. *Brown, supra; Putnam* v. *Dept. of Employment Security,* 103 N. H. 495, 496, 497. The statute and the regulation, as previously stated, must be interpreted as an integrated whole. *Nashua Corp.* v. *Brown, supra.*

If it might be argued that he left involuntarily due to his severe illness and that this was sufficient to allow him to recover unemployment compensation ( Kempfer, Disqualifications for Voluntary Leaving and Misconduct, 55 Yale L. J. 147, 154-155 ), such is not the law here. *Putnam* v. *Dept. of Employment Security, supra.* The leaving is voluntary when the reason for it is not attributable to the employer, as was brought out in the *Putnam* case and in *Nashua Corp.* v. *Brown, supra.* Other jurisdictions, in interpreting similar legislation, have reached a like conclusion. *Wolf's* v. *Iowa Emp. Sec. Com.,* 244 Iowa 999; *State* v. *Hix,* 132 W. Va. 516; see also, 81 C.J.S., Social Security and Public Welfare, *s.* 167, *p.* 255.

There is no evidence in the record and no claim to support a finding that the plaintiff left his work for any reason connected in any manner with his employer, and because of this he is barred from recovery. In so holding, we are unable to accept the plaintiff's argument that the employee-employer relationship existed during all the months of his illness and was terminated by the employer himself on October 9, 1964, when he told Howley that there was no work for him. The plaintiff's absence of months might well have extended into years, or he might never have been able to resume work. His intention to return to Parenteau when he recovered, and the latter's apparent willingness to have him do so, cannot be held to have continued the employee-employer relationship, as upon the plaintiff's theory, it might have done indefinitely.

We hold on the facts of this case the employee-employer relationship between the plaintiff, Howley, and his employer, Parenteau, could not be found to have continued until October 9, 1964, when the plaintiff first became available for work and that the termination was for a reason not attributable to the employer. Having left his employment "voluntarily without good cause," the plaintiff was disqualified to receive benefits by RSA

282:4 A( 1 ) ( supp ) and regulation 21 promulgated by the Commissioner.

What we have said renders unnecessary discussion of other issues, and the order is

*Judgment for the defendants.*

All concurred.