VIRGINIA DE LORENZO, APPELLANT, v. BOARD OF RE-
VIEW, DIVISION OF EMPLOYMENT SECURITY, DE-
PARTMENT OF LABOR AND INDUSTRY, STATE OF
NEW JERSEY AND M & S KNITWEAR, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 4, 1968—Decided April 26, 1968.

Before Judges CONFORD, COLLESTER and LABRECQUE.

*Mr. Irving Leuchter* argued the cause for appellant (*Messrs. Kapelsohn, Lerner, Leuchter & Reitman,* attorneys).

*Mr. Edward A. Kaplan* argued the cause for respondents.

PER CURIAM. Claimant Virginia DeLorenzo appeals from a decision of the Board of Review, Division of Employment Security, Department of Labor and Industry, which affirmed a determination of the Appeal Tribunal that the claimant was disqualified from receiving unemployment benefits as of October 7, 1966 under *N. J. S. A.* 43:21–5(*a*) for leaving work voluntarily without good cause attributable to such work and that she was liable for a refund of benefits received in the sum of $685.

Claimant, aged 65, a sewing machine operator employed by M & S Knitwear, terminated her employment on October 7, 1966 when she became disabled due to high blood pressure, a gall bladder condition and appendicitis. No claim was made that her ill health was attributable to her employment. Thereafter, she was paid temporary disability benefits for 8½ weeks under the employer's private plan established pursuant to the Temporary Disability Benefits Law, *N. J. S. A.* 43:21–25 *et seq.* During the period of her illness claimant applied for federal social security benefits and received her first monthly benefit of $100.60 in December 1966.

On December 15, 1966 claimant filed a claim for unemployment benefits, and thereafter weekly benefits were paid to her through the week ending April 20, 1967, totalling

$685. On May 27, 1967 claimant's former employer, in response to an inquiry from the local employment office of the Division of Employment Security, said he was willing to rehire the claimant. She returned to her job on June 6, 1967.

On June 1, 1967 a deputy of the Division determined that when claimant left her employment due to illness on October 7, 1966 she left her job voluntarily without good cause attributable to her work. A demand was made by the Division for a refund of the $685 paid in benefits.

Claimant appealed to the Appeal Tribunal which conducted a plenary hearing. Contrary to claimant's testimony that she had been told in December 1966 that there was no work available for her, her employer testified that there had been work for the claimant ever since she left on October 7, 1966. He said that when she called at his plant in December she informed him she was completely retired from work. She told him she would be willing to work no more than one or two days a week because she was then receiving social security benefits. He said it was impossible to tie up a machine for only one or two days a week and could not rehire her on that basis.

The Appeal Tribunal held claimant was disqualified under the provisions of *N. J. S. A.* 43:21-5 (*a*) and was liable for the refund of $685. The Board of Review affirmed and this appeal followed.

The appellant alleges that the Board of Review erred in its conclusion that the disqualification provisions of the Unemployment Compensation Law precluded her from receiving benefits. The statute, *N. J. S. A.* 43:21-5(*a*) provides,

"An individual shall be disqualified for benefits: (a) For the week in which he has left work voluntarily without good cause attributable to such work, and for each week thereafter until he has earned in employment * * * at least 4 times his weekly benefit rate * * *"

Claimant alleges she did not quit her job voluntarily; that her leaving was involuntary because she was ill and physically

unable to work. Since her quitting was involuntary she claims she should not have been disqualified from receiving unemployment benefits.

In *Stauhs v. Board of Review, etc.*, 93 *N. J. Super.* 451 (*App. Div.* 1967), we held that a claimant who quit his job because his work duties were detrimental to an existing physical condition which did not have a work-connected origin left his work voluntarily without good cause attributable to such work and therefore was disqualified from receiving benefits. The appellant alleges *Stauhs* is distinguishable because the court there was not asked to and did not consider whether the claimant's resignation was voluntary or involuntary but based its opinion only on whether the cause of the claimant's leaving was attributable to his work.

The main thrust of the appellant's argument is that there are two elements in the statute which must be considered separately before an employee is disqualified, namely, (1) the leaving must be the voluntary act of the employee, and (2) the voluntary leaving must be without good cause attributable to her work. She claims that since she did not leave her job voluntarily, but involuntarily due to illness, the disqualification provision does not apply and it was immaterial and unnecessary to consider the second element, *i. e.*, the determination of the question of whether she left without good cause attributable to her work.

 We do not agree with the argument made, deeming the result to defeat the basic intent of the statute to prevent benefits, under the particular disqualification here involved, whenever the claimant has left his employment without just cause attributable to the work. In other words, in the statutory phrase, "voluntarily without good cause attributable to such work," the word "voluntarily" is not a separate and additionally requisite criterion of disqualification, but rather a legislative characterization of the action of a worker who leaves work without just cause attributable to the work. It may have been incorporated in the statutory language to exclude leaving because of discharge by the employer. To in-

dulge appellant's argument disqualification would be prevented in any case where the worker's free will was to any extent affected by extraneous events, whether or not properly determinable to constitute good cause attributable to the work.

In *Krauss v. A. & M. Karagheusian, Inc.,* 13 *N. J.* 447, 464–65 (1953), dealing with the statute as of a time before the 1961 statutory amendment which added the words, "attributable to such work" to the disqualification section, the court equated the voluntariness or involuntariness of the leaving to the "good cause" which prompted it, although indicating that the "good cause" factors which would represent involuntariness would be broader than those cognizable under statutes requiring that the good cause be attributable to the work. We deem this reasoning to militate against the soundness of appellant's approach.

Other states have reached the same conclusion as we have on the same or similar statutory language. See *Bussmann Manufacturing Co. v. Industrial Commission, Division of Employment Sec.,* 335 *S. W. 2d* 456 (*Mo. Ct. App.* 1960); *Howley v. State,* 107 *N. H.* 180, 219 *A. 2d* 450 (*Sup. Ct.* 1966); *Wolf's v. Iowa Employment Security Commission,* 244 *Iowa* 999, 59 *N. W. 2d* 216 (*Sup. Ct.* 1953); *State v. Hix,* 132 *W. Va.* 516, 54 *S. E. 2d* 198 (*Sup. Ct.* 1949).

From our review of the record we conclude that there was substantial evidence to support the findings and conclusions of the Board of Review that claimant left her employment voluntarily without good cause attributable to her work and accordingly was disqualified from receiving unemployment benefits.

Affirmed.