**ST. VINCENT'S NURSING HOME, a Non-profit Corporation, Plaintiff and Respondent,**

v.

**The DEPARTMENT OF LABOR of the State of North Dakota and Orville W. Hagen, Commissioner of Labor, Defendants and Appellants.**

**Civ. No. 8543.**

Supreme Court of North Dakota.

June 27, 1969.

Rausch & Chapman, for plaintiff and respondent.

Helgi Johanneson, Atty. Gen., and Jack G. Marcil, Special Asst. Atty. Gen., Bismarck, for defendants and appellants.

STRUTZ, Judge.

The question which confronts us on this appeal is whether St. Vincent's Nursing Home, of Bismarck, comes within the exclusion to the coverage of the North Dakota Labor-Management Relations Act. There is very little dispute as to the facts, the only issue in this case being whether the plaintiff comes under the Act, or whether it comes under the exemptions to its provisions. It is undisputed that St. Vincent's is a nonprofit corporation, and that no part of its net earnings inures to the benefit of any private shareholder or individual.

■ The Labor-Management Relations Act, now Chapter 34–12, North Dakota Century Code, was enacted as Chapter 236 of the 1961 Session Laws. It was an Act designed to regulate the relationships between management and labor in the State. Certain exemptions from the provisions of the Act were provided for, including—

"* * * any corporation or association operating a hospital, if no part of the net earnings inures to the benefit of any private shareholder or individual, * * *."

The plaintiff in this action contends that it qualifies under this exemption and that it is a "hospital" within the meaning of that word as used in the Act. The Department of Labor, on the other hand, asserts that St. Vincent's does not come within this exclusion and that the Nursing Home is not a hospital under the scope of this exemption. The record discloses that St. Vincent's has registered nurses on duty and that the doctors from local clinics consult and treat patients in the Home. It cares for and treats the disabled and the crippled, as well as the aged and infirm. It is a member of the North Dakota Hospital Association as well as a member of the Catholic Hospital and Health Service. It has hospital equipment and keeps medical supplies on hand, and it admits persons into the Home on approval of a doctor.

■ In trying to determine whether St. Vincent's qualifies as a hospital under the exemption provided for in the Act, we must endeavor to discover just what the Legislative Assembly intended to include in the word "hospital." As that word is generally used, it refers to an institution for the reception and care of sick, wounded, infirm, or aged persons. 41 C.J.S. Hospitals, § 1, p. 331.

At the time the law was enacted in 1961, there was in effect a statute which provided for the licensing of any facilities for the diagnosis, treatment, or care of two or more nonrelated persons suffering from illness, injury, or deformity, where the care is rendered over a period of more than twenty-four hours. Sec. 23–16–01, N.D.C. C. Under this provision, the State Department of Health has licensed the plaintiff nursing home as a hospital. The defendants assert that this is not material, because the same chapter provides that an appeal may be taken from any order of the State Health Officer or Health Council denying an application to operate a medical hospital or related institution. Sec. 23–16–10. This contention might have some weight if the exemption provided for under Section 34–12–01(2) limited the exemption to "medical hospital." However, if the plaintiff in this case is an institution which comes within the general definition of a hospital, it would appear to be exempt

unless the term "hospital," as used in the Act, is found to have a more limited meaning.

The defendants strenuously contend that the fact that the 1969 Legislative Assembly attempted to amend the Labor-Management Relations Act to specifically include nursing homes within the exclusion of the Act is a clear and convincing indication that the 1961 Legislative Assembly did not intend that nursing homes should be exempt from the operation of the law under the exemption provided for hospitals. It is true that there was introduced into the last session of the Legislature Senate Bill No. 294, which would have amended Section 34–12–01(2), North Dakota Century Code, and would have specifically excluded nursing homes from the provisions of the Labor-Management Relations Act. It passed the Senate by a vote of 46 to 1, with two senators being absent, and passed the House by a vote of 68 to 9, with twenty-one members being absent. This bill thereafter was vetoed by the Governor, and no attempt was made to pass it over the Governor's veto. However, all that this would indicate is that the members of the 1969 Legislative Assembly, upon being advised that the Department of Labor had ruled that nursing homes were not exempted under the Act as originally passed, attempted to amend the law so as to remove any doubt. It would not in any way indicate that the Department was correct in its ruling. The action of the 1969 Legislative Assembly cannot be taken as proof of what the 1961 Assembly intended when it passed the original Labor-Management Relations Act.

Legislative intent at the time an Act is passed must be deduced from the language used in the Act itself. A fundamental rule of construction is that courts will ascertain and give effect to the intent of the Legislative Assembly as expressed by the language used in the law under consideration. This court has held that the intent of the Legislative Assembly in the enactment of law is to be ascertained primarily from the language used. State ex rel. Linde v. Taylor, 33 N. D. 76, 156 N.W. 561, L.R.A. 1918B, 156 (1916); Coulter v. Ramberg, 79 N.D. 208, 55 N.W.2d 516 (1952); Kessler v. Board of Education of Fessenden, 87 N.W.2d 743 (N.D.1958); Salzseider v. Brunsdale, 94 N.W.2d 502 (N.D.1959).

In order to determine whether the Legislative Assembly in 1961 had some idea of using the word "hospital" in a limited manner, we have examined all of the available committee and other reports as they relate to the consideration and enactment of this law. We have found nothing to indicate that anyone had any intention of limiting the exclusion to hospitals giving medical or surgical care to sick and injured persons, as now contended for by the defendants. Had that been the intention, it would have been a very simple matter to have said so. But the Legislature deliberately used the word "hospital" without in any way limiting or restricting its meaning.

The Act expressly provides that a hospital, if no part of its net earnings inures to the benefit of any private shareholder or individual, shall be excluded from its coverage, and that such institution shall not be considered an "employer" under its provisions. We hold that a nursing home which is licensed by the State Department of Health as a hospital or related medical institution, and which operates a modern, well-equipped facility and offers many of the services which are rendered by a medical hospital, is a "hospital" under the provisions of Section 34–12–01(2), North Dakota Century Code, and that such nursing home is not an "employer" under the terms of that Act.

For reasons stated herein, the judgment of the district court is affirmed.

TEIGEN, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.