Sullivan
No. 6651

ALFRED N. NEILSEN

v.

DEPARTMENT OF EMPLOYMENT SECURITY,
BENJAMIN C. ADAMS, COMMISSIONER,
AND DEAN HILL MOTORS, INC.

November 30, 1973

*New Hampshire Legal Assistance (Mr. H. Neil Berkson),* by brief and orally, for the plaintiff.

*Edward F. Smith, Joseph Stewart* and *Andre J. Barbeau, (Mr. Stewart* orally), for the New Hampshire Department of Employment Security.

KENISON, C.J. The key issue presented in this case is whether the plaintiff's taking of an indefinite leave of absence to resolve marital problems made him ineligible for unemployment compensation under Department of Employment Security Regulation 21 when his employer notified him on his return two months later that his former job had been discontinued due to a lack of work. The plaintiff applied to the defendant department of employment security for unemployment compensation after receiving notice, but his claim was denied by both the certifying officer and the appellate board on the grounds that the plaintiff had voluntarily quit when he left his job to settle his personal affairs. The plaintiff appealed to the superior court pursuant to RSA 282:5-G(1)-(3) to recover unemployment compensation for the five-week period that he was unemployed before finding a new job. The Trial Court (*Loughlin,* J.) reversed the decision of the appellate board, granted compensation and interest to the plaintiff for the period of unemployment, and reserved and transferred the defendant's exceptions to the decree.

The basic facts are not in dispute. The plaintiff was hired by Dean Hill Motors, Inc., in August 1970, to work in the body shop. He performed well and was promoted to the position of body shop foreman. In the latter part of 1971, the plaintiff experienced critical marital problems which

began to affect his performance in the shop and caused him to be late for work on numerous occasions. The employer became increasingly concerned with the poor quality of the plaintiff's work during this period and after discussing the matter with him, granted an indefinite leave of absence on January 24, 1972, to enable him to resolve his personal affairs. During this leave the employer carried the plaintiff on the company's medical insurance plan. The plaintiff's marital difficulties subsequently ameliorated, and he was ready to continue work at the body shop on March 28, 1972. He was informed at that time, however, that there had been a reduction in the number of employees at the shop and that no work was available for him. The plaintiff then applied for the unemployment compensation which is the subject of this suit.

The defendant's contention that there was insufficient evidence to support a finding by the trial court that a leave of absence had been granted to the plaintiff is insubstantial. It is well known in this jurisdiction that the findings of the trial court will not be overruled unless it clearly appears they were made without evidence. *Hardware Mut. Cas. Co. v. Hopkins,* 106 N.H. 412, 417, 213 A.2d 692, 695-96 (1965). We held in *Vincent v. State,* 113 N.H. 383, 308 A.2d 526, 527 (1973), that leave of absence connoted a continuity of employment status, and there is ample evidence in the record to support such a finding in this case.

The defendant's principal objection lies in its argument that the trial court's decree cannot be reconciled with the language of the defendant's regulation 21 which provides that an individual is ineligible for unemployment compensation "if of his own choice or volition he terminates the employee-employer relationship for a reason which is not attributable to the employer." *See Vincent v. State,* 113 N.H. 383, 308 A.2d 526, 527 (1973). The regulation specifically states that where an individual becomes unemployed because of a reduction in the work force on his return from an absence necessitated by an illness or accident or because of an application of the seniority rules accepted by the employer, the cause shall be attributable to the employer. The defendant argues that since the plaintiff left his job to settle his personal prob-

lems and is not within the class of individuals listed within the regulation, the reason for the termination of his job is not attributable to his employer under the regulation.

We believe that the defendant's interpretation of regulation 21 is cramped and crabbed. *See* Grimsrud, *Problems with Unemployment Compensation in New Hampshire,* 14 N.H.B.J. 111 (1973). Regulation 21 was originally promulgated in 1941 in response to RSA 282:4-A (1) which provides that a claimant is disqualified for benefits for a stated period if "[h]e left his work voluntarily without good cause in accordance with the rules and regulations of the [Department of Employment Security]." The basic language of the regulation has remained unchanged, although from time to time provisions have been added or subtracted to clarify problems in the interpretation of its scope. For example, after we held in *Howley v. State,* 107 N.H. 180, 219 A.2d 450 (1966), that an absence due to medical illness was not a cause attributable to an employer, the department specifically enlarged the regulation to make provision for such an absence.

The focus of the language of the regulation is on the *termination* of the employee-employer relationship, and it is clear from our recent opinion in the *Vincent* case that a leave of absence is not such a termination. *See South Central Bell Tel. Co. v. Gill,* 247 So. 2d 615 (La. Ct. App. 1971). Where a termination has occurred, the regulation's specific reference to a cause beyond the control of the employee expresses the policy inherent in RSA 282:4-A (1) that unemployment compensation should be available to those persons who are innocent victims of the vicissitudes of the economic life of the State. *Vincent v. State,* 113 N.H. 383, 386, 308 A.2d 526, 528 (1973); *see* Packard, *Unemployment Without Fault: Disqualifications for Unemployment Insurance Benefits,* 17 Vill. L. Rev. 635, 636-44 (1972).

The trial court found that the plaintiff and his employer had mutually agreed on a leave of absence to enable the plaintiff to settle his marital difficulties, and it is apparent from the record that both parties considered the employment relationship to have continued through the period. The cause of the *termination* of the employment was due solely to a

reduction in the work force and is consequently attributable to the employer.

The defendant asserts, however, that the leave of absence was indefinite and points to our decision in *Howley v. State,* 107 N.H. 180, 219 A.2d 450 (1966), where we said by way of dictum that the employment relationship cannot be considered to have continued under such circumstances because the employee could extend the leave into years or never resume work. The *Howley* case is distinguishable from the present case in that *Howley* involved an individual who was unexpectedly stricken by a coronary thrombosis on a weekend and unable to return to work on the following Monday, and no agreement existed between the individual and his company to continue the employment relationship. In the present case the plaintiff and his company mutually agreed on a leave of absence and intended a continuity in the employment relationship despite the lack of definite time limits. Under these facts it would appear that a reasonable period of time was implied in the agreement.

We cannot say that two months was an unreasonable absence from work to resolve marital difficulties, *cf. Davie v. Lynch,* 149 N.Y.S. 895, 164 App. Div. 517 (1914) (indefinite leave of absence for sickness did not disqualify although it lasted six months); *Motoresearch Co. v. Shrader,* Dane Cty., No. 108214 (Wis. Cir. Ct., Mar. 21, 1962) (indefinite leave to care for sick mother did not disqualify although it lasted five weeks), and hold that the plaintiff is entitled to the requested unemployment compensation.

The defendant claims that the trial court improperly awarded interest to the plaintiff on his unemployment compensation benefits. While RSA ch. 282 is silent as to interest, the word "benefits" is defined in RSA 282:1 B as "the money payable to an individual as compensation for his wage losses." The procedure established for an individual to apply for such "benefits" and to appeal from an adverse decision refers only to "benefits," *see* RSA 282:5, and it would strain the words of the statute to imply that the legislature intended interest to be granted in addition. We have held under similar circumstances that interest would not be permitted, *compare*

*Holte v. Rondeau,* 105 N.H. 304, 306-07, 199 A.2d 100, 101-02 (1964) *with State v. Peter Salvucci Inc.,* 111 N.H. 259, 263-64, 281 A.2d 164, 167-68 (1971), and agree with the defendant that the plaintiff is not entitled to such an award. The order is

> *Defendant's exceptions overruled in part;*
> *Defendant's exceptions sustained in part.*

All concurred.