**William A. LeMON, Petitioner-Appellee,**

v.

**EMPLOYMENT SECURITY COMMISSION, Respondent-Appellant.**

**No. 10914.**

Supreme Court of New Mexico.

Oct. 18, 1976.

Toney Anaya, Atty. Gen., J. R. Baumgartner, Asst. Atty. Gen., Albuquerque, for respondent-appellant.

Duhigg & Cronin, Bruce P. Moore, Albuquerque, for petitioner-appellee.

## OPINION

MONTOYA, Justice.

This action was brought by writ of certiorari in the District Court of Bernalillo County to review the decision of the Employment Security Commission of New Mexico (Commission) disqualifying the petitioner-claimant (LeMon) from the receipt of unemployment compensation benefits for having left his employment "voluntarily without good cause in connection with his employment" as provided in § 59–9–5(a), N.M.S.A.1953 (Supp.1975). The district court, sitting without a jury, reversed the Commission's decision on the grounds that LeMon's termination of his employment (on the advice of his physician because of an increase of blood pressure) was not "voluntary" within the meaning of the statute, but compelled by health reasons. The Commission has appealed.

The only issue for determination on appeal is the proper interpretation of the word "voluntarily" in relation to self-termination of employment, as contemplated by § 59–9–5(a), supra. LeMon maintains, and the district court agreed, that since he terminated his employment because of health problems and on the advice of his physician, the termination was not voluntary within the meaning of the statute and that therefore he is entitled to unemployment compensation. The respondent Commission, on the other hand, found and urges on appeal that, because LeMon's termination was self-determined, volitional, and within his power as opposed to termination dictated by his employer or some other decision-making body beyond his control, it was both "voluntary" and "without good cause in connection with his employment" and therefore LeMon is not entitled to unemployment compensation.

This is a case of first impression in New Mexico, but the question of whether an employee's termination of employment for personal health-related reasons upon the advice of a physician involves a voluntary or an involuntary separation has been reached in other jurisdictions. See *State v. Hix*, 132 W.Va. 516, 54 S.E.2d 198 (1949).

In *State v. Hix*, supra, one of the claimants terminated his employment because of high blood pressure, and the Supreme Court of Appeals of West Virginia held that he was disqualified from receiving unemployment benefits. The court interpreted the applicable state statute (which, like New Mexico's, speaks in terms of voluntary termination) to mean that an employee who ceases work on account of illness, or fear of illness, or for any cause not involving fault on the part of his employer, is not entitled to unemployment compensation. The West Virginia statute (§ 4(1), art. 6, ch. 1, Acts of the Legislature, Extraordinary Session, 1936, as amended by ch. 130, Acts of the Legislature, 1945) provides in pertinent part that 54 S.E.2d at 200:

"Upon the determination of the facts by the director, an individual shall be disqualified for benefits: (1) For the week in which he left his most recent work *voluntarily without good cause involving fault on the part of employer* and the six weeks immediately following such week * * *." (Emphasis added.)

The comparable New Mexico statute, § 59–9–5(a), supra, while it does not use the words "fault on the part of employer" is otherwise similar, stating:

"An individual shall be disqualified for benefits—

"(a) If it is determined by the commission that he left his employment *voluntarily without good cause in connection with his employment.* * * *" (Emphasis added.)

The basic purpose of the two statutes is the same. Clearly, the "good cause" required by our statute refers to "in connection with his employment." The legislature could hardly have intended the employer's account to be charged for an employee's voluntary termination for merely personal reasons no matter how "good." There must be a causal connection between the employment itself and the termination thereof to trigger the eligibility for benefits. In this case, while LeMon may well have had personal "good cause" to leave his job, there is no evidence connecting the hypertension complained of with LeMon's employment. Indeed, he makes no claim that his illness was related in any way to any condition of his employment, relying instead on the alleged "voluntariness" of his self-termination to support his claim for benefits.

█ It is interesting to note that LeMon's physician recommended that, for health reasons, he discontinue any kind of employment for an indefinite period. This seems to be prima facie inconsistent with a claim for unemployment benefits, which necessarily alleges that claimant is able, available for, and actively seeking new work. As the court in *State v. Hix*, supra, pointed out under similar circumstances 54 S.E.2d at 201:

"In whatever way we view this case, claimants are not entitled to benefits. If they were ill and unable to work, they were not eligible to work, and, therefore, not entitled to benefits. If they were eligible to work by reason of being able for fulltime work, they were disqualified under Section 4(1) of the statute. * * *"

LeMon here cannot, any more than the petitioners in *State v. Hix*, supra, have it both ways. Either his high blood pressure prevents him from working at all, which in itself precludes his receipt of unemployment compensation, or it does not require the termination of his employment in the first place, which of course defeats his "alternative" eligibility argument.

The "voluntary" requirement of the Unemployment Compensation Law is clear and unambiguous, and should be accorded its ordinary meaning. Webster's Third New International Dictionary, Unabridged, defines "voluntary" as "proceeding from the will; * * * done by decision or intention * * *, not constrained, impelled or influenced by another." The allegation of LeMon's illlness here, no matter how meritorious, does not operate to make his termination of employment "involuntary." The decision to leave his employment, while quite possibly "impelled" by the circumstance of ill health and the advice of his physician, was not impelled in any sense by either his employer or any demonstrable condition of his employment.

Under the wording of the statute, if LeMon's ill health were to affect his eligibility for unemployment compensation, it would have to be as a condition affecting the statutory element of good cause, rather than as affecting the voluntariness of his termination—i.e., if the illness which made termination advisable here were a result of or in some way causally related to the employment itself so as to be "good cause in connection with his employment," then LeMon might indeed be qualified for benefits, regardless of whether or not the termination was "voluntary."

Since, however, as previously noted, there was no attempt to prove that the illness itself amounted to "good cause *in connection with his employment*" for terminating same, the statutory requirement is not met.

LeMon is, as the Commission found, disqualified for unemployment compensation benefits because he left his employment voluntarily without good cause in connection with his employment.

Accordingly, the decision of the district court is reversed, and the decision of the Commission affirmed. The cause is re-

manded to the District Court of Bernalillo County with direction to set aside its judgment and enter one in conformity with the views herein expressed.

IT IS SO ORDERED.

SOSA and EASLEY, JJ., concur.