Hillsborough
No. 78-053

EUGENE GILBERT

v.

DEPARTMENT OF EMPLOYMENT SECURITY & a.

October 30, 1978

*New Hampshire Legal Assistance*, of Manchester (*Mr. Jeffry A. Schapira* orally), for the plaintiff.

*Edward F. Smith* and *Andre J. Barbeau* (*Coleman J. Walsh, Jr.*, orally), for the New Hampshire Department of Employment Security.

LAMPRON, C.J.  This is an unemployment compensation appeal pursuant to RSA 282:5. The plaintiff was originally found to be ineligible for unemployment benefits by a department of employment security certifying officer, and by the department's appeal tribunal on the grounds that the plaintiff had voluntarily left his employment without good cause attributable to the employer. Following the commissioner's refusal to reopen the tribunal hearing, plaintiff appealed to the Superior Court (*Goode*, J.), which upheld the commissioner's decision.

Plaintiff now challenges the court's findings of fact and rulings of law, and contends especially that the court's refusal to grant him unemployment benefits results from an incorrect interpretation of the Department of Employment Security's regulation No. 21.

The plaintiff operated a sanding machine at the Fimbel Door Corporation, a manufacturer of garage doors in Nashua. He did not report to work after April 2, 1974, because of an illness which required hospitalization from April 22 to May 1. Plaintiff's supervisors at Fimbel initially decided to hold his job for him, and temporarily filled the position with workers from other parts of the factory.

Business improved in May so that a full-time worker was required in the plaintiff's position. The supervisors, unable to determine how long plaintiff would be out, decided to terminate his employment and to fill his position with another worker, effective May 13. Plaintiff was probably mailed a termination notice on or about that date. Plaintiff testified that he was unaware that he had been terminated until late in June 1974 when he brought to the plant a doctor's note certifying that he was able to return to work on July 8. At that time no jobs were available, and he applied for unemployment benefits.

Plaintiff's eligibility for unemployment compensation is governed by RSA ch. 282 and regulation No. 21. RSA 282:4 A(1) states that "[a]n individual shall be disqualified for benefits . . . [if] [h]e left his work voluntarily without good cause in accordance with rules and regulations of the commissioner." Regulation No. 21, entitled "Voluntary Quit Without Good Cause," establishes the conditions under which an RSA 282:4 A(1) disqualification occurs. A "voluntary quit" makes the individual ineligible if he leaves for a reason which is not attributable to the employer. The relevant portion of the regulation states that,

> [t]he reason for his becoming unemployed shall be deemed attributable to the employer if the employer is unable to return him to his job or to comparable work due solely to a reduction in force involving such work or other economic conditions; and provided the individual exercised all his rights, or did all those things which a reasonably prudent person would have done, to continue the employee-employer relationship or the possibility of reemployment, for and during the period he was so unable to work.

Plaintiff's appeal raises two issues involving regulation No. 21. The first concerns whether the plaintiff "did all those things which a

reasonably prudent person would have done to continue the employee-employer relationship" as is required to establish eligibility. The second issue involves the interpretation of the phrase "other economic conditions." Plaintiff argues that the phrase should be construed to include increases as well as decreases in business that account for the inability of the employer to return the plaintiff to his job or comparable work. Plaintiff's employer terminated his employment because, with an increase in production in May, it could no longer fill his position with temporary workers. When plaintiff was ready to return to work his former position was held by his replacement and there was no other position available.

The parties do not question that the plaintiff did not request a formal leave of absence. The factual dispute involves whether he kept his supervisors sufficiently informed of the reason for his absence and when he would return to work so as to reasonably "continue the employee-employer relationship." There was evidence that the employer could not reach anyone at a telephone number left by the plaintiff. In early May the defendant's superintendent called the office of plaintiff's doctor for information as to when he would be able to return to work, and testified that "I could get nothing from the doctor. All he could say was it would be an indefinite time, several weeks more. . . ." The plaintiff however testified to some efforts to keep the employer informed. Nonetheless, on the record as a whole, we are convinced the trial court properly found and ruled that the plaintiff did not meet this condition of regulation No. 21 which is essential to make the termination of the employee-employer relation a "quit" for a reason attributable to the employer. *See Howley v. State*, 107 N.H. 180, 219 A.2d 450 (1966).

In view of the result reached, we need not consider the issue of what "other economic conditions" which may prevent an employer from returning an employee to his job, after being out sick, would constitute a quit attributable to the employer within the provisions of regulation No. 21.

*Exceptions overruled.*

BROCK, J., did not sit; the others concurred.