Ervin **LORD**, Petitioner and Appellant,

v.

**JOB SERVICE NORTH DAKOTA**, Respondent and Appellee,

and

**Lil's Restaurant and Continental Lounge, Respondent.**

**Civ. No. 10491.**

Supreme Court of North Dakota.

Jan. 13, 1984.

for unemployment compensation benefits. We reverse the judgment of the district court and the decision of Job Service.

Lord was employed by Lil's Restaurant and Continental Lounge (hereinafter "Lil's") in Jamestown as a kitchen helper and janitor from June 1978 until June 30, 1982. At that time he left his employment because of a blister on his foot. He did not offer to return to work until September 1, 1982, at which time he was told there was no work for him. Lord subsequently filed an application for benefits which was denied because, according to Job Service, Lord left his employment for medical reasons and not for good cause attributable to his employer, Lil's. Lord appealed the decision to the district court which affirmed the decision, concluding that Lord left employment "because of a medical disability" and that the record is "totally devoid of any connection between the Petitioner's medical disability and his employer or employment." The district court noted that neither Lord nor Job Service supplied any medical record nor was there a statement or testimony from the employer. Lil's did not participate in the proceeding at either the administrative level or on appeal to the district court and this court.

On this appeal, Lord contends that the employer (Lil's) did not meet its burden of proving by a preponderance of the evidence that Lord voluntarily left his employment, thus disqualifying him from unemployment compensation benefits, and, if we conclude that Lord voluntarily quit his job, that it was for good cause attributable to the conditions of employment.

Duane E. Houdek, Legal Assistance of North Dakota, Bismarck, for petitioner and appellant.

Bill Peterson, Asst. Atty. Gen., Bismarck, for respondent and appellee Job Service North Dakota.

VANDE WALLE, Justice.

This is an appeal by Ervin Lord from a judgment of the district court of Stutsman County affirming a decision of Job Service North Dakota that Lord was not eligible

Before reaching the particular merits of this appeal, we are met with a disagreement between the parties as to the standard of review to be applied by this court. Job Service refers us to Section 52–06–27, N.D.C.C., which provides, in part: "... the finding of the bureau as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive and

the review by the court shall be confined to questions of law.... An appeal may be taken from the decision of the district court to the supreme court of the state of North Dakota in the same manner as is provided in civil cases." It argues that this language, which is special language applying to appeals from Job Service decisions, should be construed so that on appeal to this court we apply Rule 52(a), N.D.R. Civ.P. Lord argues that the standard of review provided by Section 28–32–19, N.D. C.C., a part of the Administrative Agencies Practice Act, should apply to appeals from Job Service decisions and that the "preponderance of the evidence" standard as construed in *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214 (N.D.1979), should apply. Without discussing the difference between the two standards of review, we agree that appeals from Job Service are governed by Section 28–32–19, N.D.C.C. The provisions to which Job Service refers were enacted in 1937 and 1941. See 1937 N.D.Sess.Laws, Chapter 232, Section 8(i), and 1941 N.D. Sess.Laws, Chapter 261, Section 6–D(7). The Administrative Agencies Practice Act was enacted in 1947. See 1947 N.D.Sess. Laws, Chapter 240. Job Service is an administrative agency within the meaning of the definition set forth in Section 28–32– 01(1), N.D.C.C. We stated in *Perske v. Job Service North Dakota*, 336 N.W.2d 146, 148 (N.D.1983):

> "Section 28–32–19, N.D.C.C., controls the scope of our review of an administra-

tive agency determination. The factual basis of an administrative order is reviewed in a limited manner by considering the following questions: '(1) Are the findings of fact supported by a preponderance of the evidence? (2) Are the conclusions of law sustained by the findings of fact? (3) Is the agency decision supported by the conclusions of law?' *Asbridge v. North Dakota State Highway Com'r*, 291 N.W.2d 739, 743 (N.D. 1980). In an appeal from a decision of an administrative agency, we review the decision of the agency and look to the record compiled by the agency. *Application of Nebraska Public Power Dist.*, 330 N.W.2d 143, 146 (N.D.1983). This court exercises restraint when reviewing agency findings; we do not substitute our judgment for that of the agency. *Asbridge, supra*, 291 N.W.2d at 744."

We believe that Lord's second issue is dispositive of this appeal, i.e., that he voluntarily quit his job for good cause attributable to the conditions of employment.

■ Section 52–06–02(1), prior to its amendment in 1983,[1] provided that an individual is disqualified for benefits if he left his last employment "voluntarily without good cause attributable to the employer, ..." There is no dispute that Lord left employment because of the blister on his foot. However, the dispute is whether or not that condition was attributable to the employer. Lord testified that the blister

---

1. Section 52–06–02(1) was amended twice by the 1983 Legislative Assembly. Section 3 of Chapter 537, 1983 N.D.Sess.Laws, amended the provision to permit benefits "if the bureau determines that the individual left his last employment with no reasonable alternative because of a work-related injury or illness." Chapter 540, 1983 N.D.Sess.Laws amended Section 52–06– 02(1) to permit benefits if the individual "left employment or remains away from employment following illness or injury upon a physician's written notice or order." It is apparent that had either of these provisions been in effect at the time Lord applied for benefits there could be no question that he would have been eligible.

We have indicated that action taken by a subsequent Legislative Assembly cannot be tak-

en as proof of what a previous assembly intended when it passed a bill. See, e.g., *St. Vincent's Nursing Home v. Department of Labor*, 169 N.W.2d 456 (N.D.1969). We have also indicated, however, that although a statute is not retroactive unless so specifically declared, if it contains a clear sense of direction by the Legislature we will not ignore that direction in determining what legal concept or principle of law should be applied in North Dakota. See *Jerry Harmon Motors v. Farmers U. Grain Term.*, 337 N.W.2d 427 (N.D.1983). Here, it is clearly the direction of the Legislative Assembly that individuals who voluntarily leave work because of a work-related illness should be eligible for unemployment compensation if employment is subsequently unavailable.

developed when he worked twelve hours on his feet his last day of work because another employee asked that he take over his shift and that the other employee agreed to pay the overtime involved because Lil's would not pay the overtime. He further testified that the blister refused to heal and that his doctor referred him to an orthopedic specialist who placed his foot in a cast until the blister healed. No medical records were introduced and no other persons testified at the hearing before Job Service. There is testimony from Lord in the record that he suffered from diabetes and that the blister did not heal, because of the diabetic condition, until September 1982. Job Service gave the following reason for its decision:

> "The claimant left his last employment for medical reasons. He has not established good cause attributable to the employer for leaving. Accordingly, he may not be considered entitled to benefits."

Job Service points out that unemployment compensation Acts of the various States contain two basic types of disqualification statutes for individuals voluntarily leaving their employment. Under one type of statute no limitation is placed upon the "good cause" for leaving employment; in the other type of statute, the "good cause" must be attributable to the employer or arise in connection with the work. Job Service notes that prior to July 1, 1979, Section 52–06–02(1), N.D.C.C., did not place any limitation upon the "good cause" for voluntarily leaving employment but that the 1979 Legislative Assembly amended the statute by inserting the words "attributable to the employer" following the term "good cause" so that individuals who left employment for reasons other than those which were attributable to the employer would be disqualified from benefits. See 1979 N.D.Sess.Laws, Chapter 526, Section 2.

Although Job Service in its written decision denying benefits does not elaborate as to its reason, it is apparent from the brief filed by Job Service with this court that its position is that because Lord had diabetes which caused the blister *not to heal*, Lord's reason for leaving was not for good cause attributable to his employer. We believe such an interpretation is unduly narrow. Job Service cites several cases from other jurisdictions in support of its position that an employee who leaves employment for reasons of illness does not leave for good cause attributable to his employer and is therefore disqualified from benefits. However, a reading of those cases reveals that in each instance the court specifically noted that the illness was not connected with employment: "There is no claim or evidence that his illness was connected in any way with his work" [*Howley v. State,* 107 N.H. 180, 182, 219 A.2d 450, 451 (1960)]; "Appellant does not contend that either his illness or the operation performed upon him were caused by his work" [*Stauhs v. Bd. of Review, Div. of Emp. Sec.,* 93 N.J. Super. 451, 455, 226 A.2d 182, 184 (1967)]; "In this case, while Le Mon may well have had personal 'good cause' to leave his job, there is no evidence connecting the hypertension complained of with Le Mon's employment" [*Le Mon v. Employment Security Commission,* 89 N.M. 549, 551, 555 P.2d 372, 374 (1976)]. Finally, in *Bussmann Manufacturing Co. v. Industrial Commission,* 335 S.W.2d 456 (Mo.Ct.App. 1960), the reason for the employee's leaving employment was pregnancy.

■ In the case before us, the evidence is undisputed that Lord suffered the blister as a result of his standing on his feet for twelve hours during employment. He left work because of the blister. Although the blister may not have healed because of his diabetic condition, which was not connected with his employment, it is apparent that the reason for Lord's leaving employment was for good cause attributable to his employment. There is no evidence that the blister was caused by the previous diabetic condition, only that it was caused by Lord's standing on his feet for twelve hours while

at work. Although Lord did testify that the blister did not heal properly because of the diabetic condition, the fact remains that the reason he left employment was the blister and that the blister was caused from his employment.

We conclude that the evidence does not support the findings of Job Service. The judgment of the district court is therefore reversed with instructions that the court enter a judgment remanding this matter to Job Service for the entry of an order allowing Lord the benefits to which he is entitled.

ERICKSTAD, C.J., and PEDERSON, GIERKE and SAND, JJ., concur.