This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SARAH GRAY,**

Petitioner-Appellant,

v.                                                                            NO.   32,194

**CHEROKEE NATION INDUSTRIES (CNI)**
**PROFESSIONAL SERVICES LLC and**
**NEW MEXICO DEPARTMENT OF**
**WORKFORCE SOLUTIONS,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

University of New Mexico
Southwest Indian Law Clinic
Andrea Seielstad, Supervising Attorney
Dane Lauritzen, Clinical Law Student
Albuquerque, NM

for Appellant

Office of General Counsel
New Mexico Department of Workforce Solutions
Marshall J. Ray
Elizabeth A. Garcia
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Sarah Gray (Petitioner) has filed a petition for writ of certiorari from the district court's order affirming the decision of the Secretary of the Department of Workforce Solutions (Department) that denied her unemployment benefits. We granted the petition and issued a notice of proposed summary disposition, proposing to reverse. The Department has filed a response to our notice. Petitioner has filed a motion to dismiss the Department's response and a reply. The Department has filed a reply to the motion to dismiss. We have considered the parties' pleadings. We deny Petitioner's motion to dismiss the Department's response and reverse the Department's decision to deny Petitioner unemployment benefits.

In this appeal, Petitioner claims that she was wrongfully denied unemployment benefits because her employment was terminated. Petitioner did not leave her employment voluntarily within the meaning of the unemployment compensation statute, NMSA 1978, § 51-1-7(A)(1) (2011). [Petition 6-12] In our notice, we proposed to agree with Petitioner that the Department's decision to deny her unemployment benefits was in conflict with the New Mexico Supreme Court's

2

decision in *Fitzhugh v. New Mexico Department of Labor*, 1996-NMSC-044, ¶ 28, 122 N.M. 173, 922 P.2d 555.

In response to our notice, the Department argues that sufficient facts support the Department's decision and that we misunderstand the unemployment compensation statute, and the case law construing it. As stated in our notice, under relevant portions of the unemployment compensation statute, an individual is not entitled to receive unemployment benefits where "the individual left employment voluntarily without good cause in connection with the employment" or where the individual "has been discharged for misconduct connected with his employment[.]" Section 51-1-7(A)(1), (2). In *Fitzhugh*, the Supreme Court interpreted Section 51-1-7(A)(1) to involve a two-part analysis, requiring first a determination of whether the worker left her employment voluntarily and, second, if the worker quit, whether "she did so for good cause in connection with her employment." *See Fitzhugh*, 1996-NMSC-044, ¶ 28.

The Department contends, however, that to be eligible for unemployment benefits, the worker must prove that the reason he or she quit was good and was related to his or her employment. [MIO 2-3, 8-12] The Department believes that *Fitzhugh* does not apply because, in that case, the worker's medical condition, which caused her to quit, was related to her employment. [MIO 8-9] The Department also argues that the opinion's emphasis on the worker's subjective intentions does not

3

overrule previous Supreme Court case law, indicating that an employee's illness must have a connection with the employment. *See LeMon v. Emp't Sec. Comm'n*, 89 N.M. 549, 551, 555 P.2d 372, 374 (1976). [MIO 11]

In *LeMon*, the issue was not whether the worker quit or was fired. The worker quit his employment and did so upon the advice of his doctor that he "discontinue any kind of employment for an indefinite period." *Id.* Because the worker in *LeMon* had no intention of continuing to work for his employer, the inquiries involved in absenteeism due to a medical condition, including whether he was fired or whether he subjectively intended to abandon his employment, were irrelevant to the Court's determination that he voluntarily quit. The facts of the current case are not analogous to *LeMon*. As we described fully in our notice, Petitioner consistently showed her employer, Cherokee Nation Industries (CNI), that she intended to continue working after she underwent surgery on the date her doctor cleared her to return to work, and she even tried to return before that date. [CN 4-5] Contrary to the Department's stated concerns that an employer would have to wait indefinitely for an employee to return to work for a personal, medical emergency, no such facts were presented here to support such a concern. [MIO 12] CNI was aware of the date Petitioner was cleared to return after her surgery, and she was absent from work for less than a month, not an indefinite time, and it was less time than the worker in *Fitzhugh*.

4

1996-NMSC-044, ¶¶ 6-17. [CN 4-5] In fact, CNI ultimately refused to wait the last three days for Petitioner to return to work. [MIO 5-6]

Furthermore, we disagree with the Department's broader contention that Petitioner had to demonstrate that she quit for good cause, which was related to her employment. *Fitzhugh* makes it clear that where a worker voluntarily quits, to be entitled to unemployment benefits, he or she must show that it was for good cause in connection with his or her employment. *See id.* ¶ 28. Any connection in *Fitzhugh* between the worker's medical condition and her employment was incidental, far from the dispositive factor to the entitlement to benefits that the Department regards it to be. Rather, any connection between her medical condition and her work was relevant only to the Court's examination of the worker's subjective intention to continue working for her employer in a different location. *See id.* ¶¶ 2-3, 31.

We are not persuaded that Petitioner, in the current case, voluntarily abandoned her employment with CNI based on the analysis in our notice and, as we stated therein, the record gives no indication that Petitioner was engaged in any wilful misconduct that would justify her ineligibility for unemployment benefits.

Accordingly, we reverse the Department's decision to deny Petitioner unemployment benefits.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**CYNTHIA A. FRY, Judge**