594 P.2d 742

**Petra G. RIBERA, Petitioner-Appellee,**

v.

**EMPLOYMENT SECURITY COMMIS-
SION and Mrs. Brian O'Neil,
Respondents-Appellants.**

**No. 12040.**

Supreme Court of New Mexico.

April 18, 1979.

Rehearing Denied May 16, 1979.

Jeff Bingaman, Atty. Gen., R. Baumgartner, Asst. Atty. Gen., Human Services Dept., Albuquerque, for respondents-appellants.

Bruce P. Moore, Santa Fe, for petitioner-appellee.

## OPINION

FEDERICI, Justice.

Ribera (appellee) was employed as a housekeeper. She terminated her employment because of pain she suffered while performing her housekeeping duties. She had been advised by her physician that the pain which resulted from her arthritis would not cease so long as she continued the housekeeping job. It is undisputed that appellee suffered from arthritis for several years during her employment and that the original arthritic condition itself was not caused by the employment.

Appellee applied for unemployment compensation after leaving her employment. The Employment Security Commission (now the Employment Services Division of the Human Services Department) disqualified appellee from receipt of unemployment benefits until she had obtained new work and earned wages equal to five times her weekly benefit amount, pursuant to § 51–1–7, N.M.S.A. 1978. Appellee filed a petition for writ of certiorari in the district court seeking review of the Commission's decision. The district court reversed the Commission's decision and it appeals.

As its first point the Commission argues that the district court erred in its decision that the findings and conclusions made by the Commission, after hearing, were not supported by substantial evidence.

Section 51–1–7 reads:

An individual shall be disqualified for benefits:

A. if it is determined by the commission that he left his employment voluntarily *without good cause in connection with his employment.* The disqualification shall continue for the duration of his unemployment and until he has earned wages in an amount equivalent to five times his weekly benefit amount otherwise payable. (Emphasis added.)

The Commission made the following findings and conclusions after its hearing on the matter:

To establish good cause for a voluntary leaving connected with the employment, an individual must have been confronted with compelling and necessituous [sic] circumstances of such magnitude that he had no other alternative than to leave gainful employment. In addition, the reason for the leaving must be directly attributable to, or causally related to the employment. Good cause connected with the employment is not evidenced by a leaving for any non-work related personal or domestic reason.

Here, there is no doubt that the work aggravated the claimant's medical condition and that her condition had progressed to the extent that she could no longer adequately perform her job duties. *However, there is no evidence to indicate that the condition was caused directly by the work performed for this particular employer or was otherwise attributable to her employment.*

In the instant case, the weight of the evidence shows that the claimant left work voluntarily and without good cause connected with the employment; therefore, was subject to disqualification for benefits pursuant to the provisions of Section 59–9–5(a) [now § 51–1–7, N.M.S.A.1978] of the Act. (Emphasis added.)

N.M.R.Civ.P. 81(c)(4), N.M.S.A.1978 permits the filing of a writ of certiorari to the district court to review a decision of the Employment Security Commission. On review, the rule provides that:

The district court shall try and determine such cause upon the evidence legally introduced at the hearing before said employment security commission [employment services division] presented by the parties to said court. After hearing said cause the court shall make findings of fact and conclusions of law and enter judgment therein upon the merits.

In *Wilson v. Employment Security Commission*, 74 N.M. 3, 389 P.2d 855 (1963), this Court reviewed the above rule and the authorities concerning the scope of review by the trial court and said:

The parties, however, are in disagreement as to the scope of review by the district court, announced in *Prestridge Lumber Co. v. Employment Security Commission*, 50 N.M. 309, 176 P.2d 190. After discussing both the statute and the rules, this court there said:

" * * * We take this [the statute and rule] to mean the district court shall make its own findings of fact, after a review of the evidence. It does not mean, necessarily, that the district court must ignore the findings of the Commission. It may give them some weight and should follow the Commission's findings in making its own, save where the evidence clearly preponderates against them * * * [citing cases]. In the last analysis, however, the responsibility of making correct findings rests with the district court and it is not to be hampered or embarrassed in the performance of this duty by the findings of the Commission."

.    .    .    .    .

It is true that the majority of both State and Federal courts have adopted the substantial evidence rule for review of administrative agency decisions, 4 Davis, Administrative Law, § 29.01, and we have adopted that view in construing the review provisions applicable to other administrative agencies. *Continental Oil Co. v. Oil Conservation Commission*, 70 N.M. 310, 373 P.2d 809. The statute, § 59–9–6(h) and (i), N.M.S.A.1953, and rule 81(c)(4) requires the district court to

review a challenged decision of the Employment Security Commission to determine whether it is lawful. In so determining, the reviewing court must determine whether the Commission's findings of fact are supported by substantial evidence. *The trial court shall adopt as its own such of the Commission's findings of fact as it determines to be supported by substantial evidence* and shall make such conclusions of law and decision as lawfully follow therefrom. If the district court determines that the legal evidence before the Commission fails to substantially support such findings or decision, then the district court shall make its own findings of fact, conclusions of law and decision based only upon the legal evidence before the Commission. If *Prestridge* conflicts with what we have said, then it is modified to conform herewith. (Emphasis added.)

*Id.* at 6–8, 389 P.2d at 857–58.

In *Wilson*, the Court also defined substantial evidence:

Much confusion has arisen in reviewing decisions of an inferior court or tribunal as to what is meant by the term "substantial evidence." It means more than merely any evidence and more than a scintilla of evidence and contemplates such relevant legal evidence as a reasonable person might accept as sufficient to support a conclusion. [Citations omitted.] This court has said that evidence is substantial if reasonable men all agree, or if they may fairly differ, as to whether it established such fact. [Citations omitted.] Substantial evidence may also be stated as in *James v. Bailey Reynolds Chandelier Co.*, 325 Mo. 1054, 30 S.W.2d 118, 123:

"Whether the evidence in a given case is sufficient to support the finding of the jury, when taken and considered in the fashion in which it must be on demurrer, depends on whether it is sufficient to establish with reasonable certainty in the minds of persons of ordinary and average intelligence the existence of the facts on which the finding is necessarily based."

*Id.* at 8, 389 P.2d at 858–59.

In *LeMon v. Employment Security Commission*, 89 N.M. 549, 555 P.2d 372 (1976), this Court denied relief to a claimant for unemployment compensation benefits under facts quite similar to those in this case.

The record in this case discloses that appellee's arthritic pain had existed for several years. Appellee suffered pain whether she worked or whether she was at home and was given lighter household duties by her employer because she suffered pain. Appellee's work aggravated her arthritic condition and she had been advised by her physician that the pain would not cease as long as she continued the housekeeping job. Further, the record shows that appellee was advised by her doctor not to do general housekeeping work. "This seems to be prima facie inconsistent with a claim for unemployment benefits, which necessarily alleges that claimant is able, available for and actively seeking new work." *LeMon, supra*, 89 N.M. at 551, 555 P.2d at 374.

There is some question as to whether the Commission properly preserved its third point for review regarding the effect to be given to reports of two physicians submitted on behalf of appellee. In any event, the physicians' reports are neither conclusive nor dispositive on the question of whether incapacity caused by the illness or disability established good cause in connection with her employment. Neither of the reports submitted by the doctors stated that the disability was job related or job connected.

Based upon all of the evidence, we find that there was substantial evidence to support the findings and conclusions made by the Commission and that the trial court erred in refusing to adopt the Commission's findings and conclusions.

The trial court is reversed and the cause is remanded for entry of such order or judgment as may be necessary to sustain

appellant's original findings and conclusions.

IT IS SO ORDERED.

EASLEY and PAYNE, JJ., concur.