608 P.2d 151

**NEW MEXICO HUMAN SERVICES DEPARTMENT, Petitioner,**

v.

**Cecilia GARCIA, Respondent.**

**No. 12607.**

Supreme Court of New Mexico.

March 3, 1980.

Jeff Bingaman, Atty. Gen., Gordon L. Bergman, Asst. Atty. Gen., Santa Fe, for petitioner.

Ramon I. Garcia, Southern New Mexico Legal Services, Roswell, for respondent.

## OPINION

FELTER, Justice.

Appellant-Respondent, Cecilia Garcia (Ms. Garcia) was denied benefits by Appellee-Petitioner, New Mexico Human Services Department (HSD), under the Aid to Families with Dependent Children (AFDC) Program. The Court of Appeals reversed the decision of HSD and we granted a petition for certiorari filed by HSD. We reverse the decision of the Court of Appeals and reinstate the decision of HSD.

Section 27–2–6, N.M.S.A.1978, provides for aid to families with dependent children who are eligible. Pursuant to its rule making power under Section 27–1–3(D), N.M.S.A.1978, HSD promulgated Regulation 221.-722 which sets forth eligibility requirements for AFDC benefits in New Mexico as follows:

> 221.722—*CONTINUED ABSENCE FROM THE HOME OF ONE OR BOTH PARENTS*
>
> Deprivation of parental support exists because of the continued absence from the home of one or both parents when the following factual circumstances are established:
>
> A. the parent is out of the home; and
>
> B. the nature of the absence either interrupts or terminates the parent's functioning as a provider of maintenance, physical care, or guidance for the child; and
>
> C. the known or indefinite duration of the absence precludes counting on the parent's performance of his function in planning for the present support *or* care of the child.

One question is presented here: whether the decision by HSD is supported by substantial evidence in the record as a whole, and therefore whether or not the decision by HSD was arbitrary, capricious or an abuse of discretion.

▮ Whether the decision by HSD is supported by substantial evidence in the whole, is one of the standards for judicial review of administrative decisions by HSD as required by Section 27–3–4(F), N.M.S.A.1978.

The language employed in the statute does not abrogate the substantial evidence rule as that rule has existed in New Mexico. The language does point to the fact that the substantial evidence rule must be applied to the entire record and that segments of the record may not be ignored in applying the rule. The statute does not mean that upon judicial review of the findings by HSD, the Court may reweigh the evidence and reassign the preponderance of evidence.

■■ In order to determine whether the decision by HSD is supported by substantial evidence in the record as a whole, we must view the evidence in the light most favorable to the decision by HSD. While this rule is applicable to decisions of administrative boards and tribunals as well as to decisions of courts, it does not permit accepting part of the evidence and totally disregarding other convincing evidence in the record considered as a whole. Because of the minor departure from the customary substantial evidence rule in reviewing administrative decisions where the record as a whole must be considered, the reviewing court may act on other convincing evidence in the record and may make its own findings based thereon. The rule for the substantial evidence test of administrative decisions is well stated in *Quinlan v. Bd. of Ed. of North Bergen Tp.*, 73 N.J.Super. 40, 179 A.2d 161 (1962) in pertinent part as follows:

> In reviewing the determination of an administrative agency our power to make independent findings of fact where necessary is beyond question. . . . But the determination of the agency carries with it the presumption of correctness, and on review of the facts we will not substitute our independent judgment for that of the board where its findings are supported by substantial evidence, i. e., such evidence as a reasonable mind might accept as adequate to support a conclusion. . . . It is not our function to weigh the evidence, to determine the credibility of witnesses, to draw inferences and conclusions from the evidence, and to resolve conflicts therein. . . . When an administrative agency has acted

within its authority, its actions will not generally be upset unless there is an affirmative showing that its judgment was arbitrary, capricious or unreasonable. . . . Generally, the test of factual finality is whether the finding of the agency is supported by substantial evidence.

*See also United Veteran's Org. v. New Mexico App. Dept.*, 84 N.M. 114, 500 P.2d 199 (Ct.App.1972); *Kaiser Steel Corp. v. Property Appraisal Dept.*, 83 N.M. 251, 490 P.2d 968 (Ct.App.1971), *cert. denied*, 83 N.M. 258, 490 P.2d 975 (1971); *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966).

■ A consideration of the entire record, in the light most favorable to HSD, without disregarding any relevant, convincing evidence, reflects the following:

1. Lloyd Romero and Cecilia Garcia, though never married, have had a stable, long-lasting relationship extending at least 20 years.

2. Romero has acknowledged paternity of the children of Ms. Garcia, and voluntarily has contributed the sum of $50.00 per month to their support.

3. Romero has a good job and could support his children with more money.

4. Romero visits the home of Ms. Garcia and their children every weekend and almost every other day although he does not live there.

5. Romero has a drinking problem and on occasion has beaten the eldest son and a daughter. He has cursed and threatened the children on various occasions. Nevertheless, he has assisted the children when they are in trouble. If Ms. Garcia needs some kind of help from him, he is there. He is there for guidance of the children, and provides guidance for them. The surnames of the children were legally changed to "Romero".

All of the criteria set forth in Regulation 221.722 must be met to justify AFDC aid. We hold that there is substantial evidence to negate some of these criteria. This holding is made after consideration of all rele-

vant evidence in the record as a whole. It is recognized that there are negative factors in the evidence. But there are some negative factors in even the best family situations. The negative factors in the case at bar, while serious, are not so great as to shift the burden of child support from Lloyd Romero to the taxpayers. Legal procedures are available to compel payment of more money for child support by the father. Likewise, adequate remedies are available to restrain the father from any abusive conduct toward the children involved. Many marriages and many families after divorce are in more compelling circumstances than exists in the case at bar, and the law fully compels support by the father, without resort to aid programs in those situations.

Upon the state of the record, we are unable to say that HSD acted irrationally or that a reasonable man could not have reached the conclusion that HSD did. It follows that the HSD decision was not arbitrary, capricious or an abuse of discretion.

The decision of the Court of Appeals is reversed and the decision of HSD is affirmed.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, PAYNE and FEDERICI, JJ., concur.