610 P.2d 747

Jimmie G. TRUJILLO,
Petitioner-Appellant,

v.

EMPLOYMENT SECURITY COMMIS-
SION OF NEW MEXICO, and Albuquer-
que-Bernalillo County Economic Oppor-
tunity Board, Respondents-Appellees.

No. 12565.

Supreme Court of New Mexico.

May 5, 1980.

Freedman, Boyd & Daniels, John W.
Boyd, David Allen Grammer III, Albuquer-
que, for petitioner-appellant.

Rodey, Dickason, Sloan, Akin & Robb,
John P. Salazar, Albuquerque, for Albu-
querque-Bernalillo County E O B.

J. R. Baumgartner, Albuquerque, for Em-
ployment Sec. Commission.

OPINION

PAYNE, Justice.

Appellant, Jimmie Trujillo, was fired on
April 29, 1977, from his job with the Albu-
querque-Bernalillo County Economic Oppor-
tunity Board. He applied for and was
granted unemployment compensation bene-
fits by the Employment Security Commis-
sion (E.S.C.), but the E.S.C. Appeals Tribu-
nal reversed the award and demanded the
return of amounts already paid to Trujillo.
Trujillo sought review in the district court,
and the court affirmed the E.S.C.'s final
decision, whereupon Trujillo appealed to
this Court. We reverse.

Trujillo's employer leveled six charges of employment misconduct against him, any one of which, if substantiated, would have justified his dismissal without unemployment benefits. The only charge which the Appeals Tribunal found meritorious was that Trujillo conspired to align members of an advisory council against his superior, Eric Berg. The only evidence offered in support of that charge was the testimony given by Berg himself. He testified that three members of the council had told him on several occasions prior to official council meetings that Trujillo had told them that Berg was taking actions which violated federal program regulations. As a consequence, Berg testified, council members consistently questioned his decisions and forced him to prove the correctness of his actions.

Trujillo correctly contends that Berg's testimony was based upon hearsay. That testimony, moreover, was controverted by Trujillo. The Appeals Tribunal could not have verified the accuracy of Berg's testimony nor ascertained the impressions of council members as they were never called upon to testify.

This appeal raises one issue: whether the E.S.C.'s decision—that Trujillo was guilty of employment misconduct sufficient to deny him unemployment benefits—is supported by substantial evidence. Related to the resolution of this issue is whether the "legal residuum rule" is applicable to this administrative decision.

"The residuum rule requires a reviewing court to set aside an administrative finding unless the finding is supported by evidence which would be admissible in a jury trial." 2 Davis, *Administrative Law Treatise* § 14.-10, pp. 291–92 (1958). The rule was first enunciated in *Carroll v. Knickerbocker Ice Co.*, 218 N.Y. 435, 113 N.E. 507 (1916). That court set aside the compensation award of an administrative agency because the crucial finding there was based entirely upon the hearsay testimony of witnesses who said that the decedent had told them what caused his injury. The court concluded that "still in the end, there must be a residuum of legal evidence to support the claim before an award can be made." 113 N.E. at 509.

Since the *Carroll* case, courts have qualified their adherence to the rule. *Altschuller v. Bressler*, 289 N.Y. 463, 46 N.E.2d 886 (1943). Commentators have criticized it. 2 Davis, *supra*, §§ 14.09–14.10 (1958). Professor Davis states that:

Rejection of the residuum rule does not mean that an agency is compelled to rely upon incompetent evidence; it means only that the agency and the reviewing court are free to rely upon the evidence if in the circumstances they believe that the evidence should be relied upon. Rejection of the residuum rule does not mean that a reviewing court must refuse to set aside a finding based upon incompetent evidence; it means only that the court may set aside the finding or refuse to do so as it sees fit, in accordance with its own determination of the question whether the evidence supporting the finding should be deemed reliable and substantial in the circumstances.

*Id.* § 14.10, at p. 293.

This is the proper position regarding evidence in most administrative adjudications. In many circumstances hearsay is reliable and probative, and at times it may be the only evidence available. Nevertheless, we believe that the residuum rule should be retained in those administrative proceedings where a substantial right, such as one's ability to earn a livelihood, is at stake. In those instances, "any action depriving him of that [right or ability] must be based upon such substantial evidence as would support a verdict in a court of law." *Young v. Board of Pharmacy*, 81 N.M. 5, 9, 462 P.2d 139, 142 (1969).

We interpret Section 51–1–3, N.M. S.A.1978, to establish unemployment compensation as a substantial right as a matter of public policy. The benefits in this case may not be denied on the basis of controverted hearsay alone. Controverted hearsay under these facts does not qualify as substantial evidence.

For this reason, we reverse.

IT IS SO ORDERED.

SOSA, C. J., and FELTER, J., concur.