681 P.2d 717

**DUKE CITY LUMBER COMPANY,**
Petitioner,

v.

**NEW MEXICO ENVIRONMENTAL IM-
PROVEMENT BOARD and New Mexi-
co Environmental Improvement Divi-
sion, Respondents.**

No. 15078.

Supreme Court of New Mexico.

April 4, 1984.

Modrall, Sperling, Roehl, Harris & Sisk, John R. Cooney, Larry P. Ausherman, Walter E. Stern, III, Albuquerque, for petitioner.

Paul Bardacke, Atty. Gen., Herbert M. Silverberg, Santa Fe, for Board.

Bruce S. Garber, Weldon L. Merritt, Jane C. Cohen, Asst. Attys. Gen., Santa Fe, for Division.

## OPINION

FEDERICI, Justice.

The opinion of this Court heretofore filed on November 23, 1983 is withdrawn and the following opinion is substituted therefor.

Duke City Lumber Company, petitioner, applied to the New Mexico Environmental Improvement Board (Board) for a one year variance from Air Quality Control Regulation 402(A). The application was denied, and the denial was reviewed by the Court of Appeals. The court remanded "with instructions to the Board to conduct further proceedings to determine whether the wood smoke, in the volume being emitted from appellant's wigwam burner is *injurious to health or safety.*'" *Duke City Lumber Co. v. New Mexico Environmental Improvement Board*, 95 N.M. 401, 407, 622 P.2d 709, 715 (Ct.App.1980), *cert. denied*, 95 N.M. 426, 622 P.2d 1046 (1981) (emphasis added).

The Board held a second hearing and again denied the application for a variance. Duke City Lumber Company again appealed. The Court of Appeals, affirming the Board's second denial of the variance, held that a condition injurious to health or safety does not mean actual harm, but "only a condition that *tends* to cause harm to health or safety."

The Court of Appeals also upheld, but questioned, the current New Mexico standard of judicial review which is limited to substantial evidence in the record. We granted certiorari.

The questions presented are:

I. Whether judicial review of an Environmental Improvement Board decision should be limited to the current standard of substantial evidence in the record, or whether this Court should now adopt a "whole record review" standard.

II. Whether the showing by the Environmental Improvement Division that wood smoke from Duke City Lumber's woodwaste burner *tends* to cause harm is sufficient to constitute "emission * * * as may with reasonable probability injure human health," as required by NMSA 1978, Section 74-2-2(B) (Repl.Pamp.1983).

III. Whether there was competent evidence to support a finding that wood smoke from Duke City's woodwaste burner is injurious to health or safety.

### I. *Substantial Evidence Rule.*

The Air Quality Control Act (Act), NMSA 1978, Sections 74-2-1 through 74-2-17 (Repl.Pamp.1983), specifically provides for judicial review of the Act. Section 74-2-9 states: "Any person to whom the board denies a variance, after a hearing, may appeal to the court of appeals. All appeals shall be upon the record made at the hearing * * *." The Court of Appeals may set aside the Board's denial of a variance if it is found to be arbitrary, capricious or an abuse of discretion, not supported by substantial evidence in the record, or otherwise not in accordance with law. *Id.*

The separation of powers doctrine directs administrative agencies to their duty of implementing legislation. The Legislature grants agencies the discretion of promulgating rules and regulations which have the force of law. The agencies must also determine whether there has been compliance with administrative decisions, and this

is an adjudication. Therefore, agencies exercise in part functions of all three branches of government. This requires a carefully defined standard of review by the courts.

Some statutes, such as the New Mexico Administrative Procedures Act, provide for review of agency actions on the "entire record." NMSA 1978, § 12–8–22(A). Other statutes, such as the New Mexico Air Quality Control Act before us, do not contain the words "entire record" or "as a whole." NMSA 1978, § 74–2–9 (Repl. Pamp.1983). Certainly, in cases arising under statutes that expressly require whole record review of administrative decisions, the New Mexico Supreme Court has applied it. *Young v. Board of Pharmacy*, 81 N.M. 5, 462 P.2d 139 (1969). Also, in certain cases, even without express statutory provision for whole record review, we have engaged in a review of the record as a whole. *Ribera v. Employment Security Commission*, 92 N.M. 694, 696, 594 P.2d 742, 744 (1979) (deciding "[b]ased upon all of the evidence"); *Transcontinental Bus System v. State Corporation Commission*, 67 N.M. 56, 60, 352 P.2d 245, 247–248 (1959) (reviewing "the testimony of the witnesses, considered as a whole"); *Garrett Freight Lines v. State Corporation Commission*, 63 N.M. 48, 312 P.2d 1061 (1957) (considering testimony presented by both sides).

When the Legislature does not specify either standard the courts in New Mexico have followed the rule of substantial evidence in the record, requiring the reviewing court to determine whether the record contains substantial evidence to support the agency decision and to ignore evidence to the contrary. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rinker v. State Corporation Commission*, 84 N.M. 626, 627, 506 P.2d 783, 784 (1973).

The United States Supreme Court addressed whole record review as early as 1951. It held that courts are to review and consider not only evidence in support of one party's contention to determine whether there was substantial evidence to support the agency finding, but courts are to look also to evidence which is contrary to the finding. The reviewing court would then decide whether on balance, the agency's decision was supported by substantial evidence. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). The federal courts require administrative findings of fact to be supplemented by substantial evidence, and also that those findings be reviewed on the whole record. *Committee for an Independent P–I v. Hearst Corp.*, 704 F.2d 467 (9th Cir.1983); *United States Soil Conditioning v. NLRB*, 606 F.2d 940 (10th Cir.1979).

■ The Court of Appeals was correct in applying to this case the more limited standard of review and ignoring all evidence unfavorable to the Board's decision. We have previously held that it is not proper for the Court of Appeals to change the standard of review, but their opinion properly addresses the shortcomings of this limited review and we agree with the Court of Appeals that it should be changed, insofar as administrative boards and agencies are concerned. *See Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973). New Mexico's present standard of review is not only outdated, but contrary to the rule followed by a majority of other jurisdictions and by the federal courts. Limited by our prior opinions the Court of Appeals concluded that because Section 74–2–9 provides for reversal of the Board's denial of variance if found not to be supported by substantial evidence in the record as opposed to substantial evidence *in the record as a whole* it was compelled to ignore strong evidence of medical effects of wood smoke and deficiencies in the air quality model which was before the Board. Not only does this interpretation shroud the judgment of the reviewing courts with imposed ignorance of enlightening evidence, but it also causes uneven treatment among those who seek review of the actions of various administrative boards and agencies.

■ We have continued to follow the rule that if there is substantial evidence in the record to support a finding, the reviewing court is bound thereby. Also, in deciding whether the finding has substantial support, the court must view evidence in the light most favorable to support the findings, and any evidence unfavorable to the finding will not be considered. *Trujillo v. Romero*, 82 N.M. 301, 481 P.2d 89 (1971); *Tapia v. Panhandle Steel Erectors Company*, 78 N.M. 86, 428 P.2d 625 (1967). This Court has said it will not weigh conflicting evidence or determine credibility of witnesses. *Lujan v. Pendaries Properties, Inc.*, 96 N.M. 771, 635 P.2d 580 (1981); *Worthey v. Sedillo Title Guaranty, Inc.*, 85 N.M. 339, 512 P.2d 667 (1973). We confirm this rule for the judicial review of orders and judgments of trial courts.

■ However, for administrative appeals we now expressly modify the substantial evidence rule as heretofore adopted by this Court and supplement it with the whole record standard for judicial review of findings of fact made by administrative agencies. A review of the whole record is clearly indicated in those cases where the administrative agency serves not only as the factfinder but also as the complainant and prosecutor. *See* 73A C.J.S., *Public Administrative Law and Procedure* § 213 (1983).

The new standard which we have pronounced in this case has been previously considered and applied by this Court in *New Mexico Human Services Department v. Garcia*, 94 N.M. 175, 608 P.2d 151 (1980), where we stated:

Whether the decision by HSD is supported by substantial evidence in the [record as a] whole, is one of the standards for judicial review of administrative decisions by HSD as required by Section 27-3-4(F), N.M.S.A.1978. The language employed in the statute does not abrogate the substantial evidence rule as that rule has existed in New Mexico. The language does point to the fact that the substantial evidence rule must be applied to the *entire record* and

that segments of the record may not be ignored in applying the rule. The statute does not mean that upon judicial review of the findings by HSD, the Court may reweigh the evidence and reassign the preponderance of evidence.

In order to determine whether the decision by HSD is supported by substantial evidence in the record as a whole, we must view the evidence in the light most favorable to the decision by HSD. While this rule is applicable to decisions of administrative boards and tribunals as well as to decisions of courts, it does not permit accepting part of the evidence and totally disregarding other convincing evidence in the record considered as a whole. Because of the minor departure from the customary substantial evidence rule in reviewing administrative decisions where the record as a whole must be considered, the reviewing court may act on other convincing evidence in the record and may make its own findings based thereon.

*Id.* at 176–177, 608 P.2d at 152–153 (emphasis added).

## II. *Tends to Cause Harm.*

This case was originally remanded by the Court of Appeals to the agency solely to determine whether the wood smoke Duke City emitted was "injurious to health or safety." *Duke City Lumber Co. v. New Mexico Environmental Improvement Board*, 95 N.M. 401, 407, 622 P.2d 709, 715 (Ct.App.1980), *cert. denied*, 95 N.M. 426, 622 P.2d 1046 (1981).

The Air Quality Control Act defines air pollution as, "the emission ... into the outdoor atmosphere of one or more air contaminants in such quantities and duration as may with reasonable probability injure human health * * *. NMSA 1978, § 74-2-2(B) (Repl.Pamp.1983).

■ The Board may grant a variance when compliance with air quality regulations will result in arbitrary and unreasonable taking of property or will impose an undue economic burden, and will not result in a condition injurious to health or safety.

NMSA 1978, § 74–2–8 (Repl.Pamp.1983). This definition does not permit the denial by the Board of a variance upon a mere showing that a condition *"tends* to cause harm."  The Board has power under the New Mexico Air Quality Control Act to deny the variance when the air pollution that would result from granting a variance would with *"reasonable probability"* injure health.  The Legislature has provided the standard of reasonable probability, and this Court must adhere to it.  The Board and the Court of Appeals erred by expanding the statutory definition of air pollution from emissions from a "reasonable probability" of injuring health to a condition which *"tends* to cause harm."  The result we have reached under this Point II would be the same whether we applied the old substantial evidence test or the new whole record review standard.

### III. *Sufficiency of the Evidence (Residuum Rule).*

██  Administrative hearings in this case were conducted under relaxed rules of procedure to obtain information upon which to arrive at a definitive result.  Town meeting-type hearings were held by the Board to solicit public participation regarding Duke City's request for a variance.  Unsworn testimony of citizens and testimony of an Espanola physician was presented in support of the Board's decision that smoke from Duke City's mill would be injurious to health.  Testimony by the physician was general rather than specific.  He referred to and read from source material but he did not relate to or apply that material to the facts in this case.  Lay witnesses and the doctor testified that smoke from the burner caused asthma attacks and irritation of eyes, nose and throat.

██  The New Mexico Administrative Procedures Act provides that evidence may be relied upon "if it is of a type commonly relied upon by reasonably prudent men in the conduct of their affairs."  NMSA 1978, § 12–8–11(A).  The standard for admissibility in an administrative hearing under this Act is therefore one of whether the evidence has any probative value.  However, New Mexico courts require that an administrative action be supported by some evidence that would be admissible in a jury trial.  This has been referred to as the legal residuum rule.  *Young v. Board of Pharmacy,* 81 N.M. 5, 462 P.2d 139 (1969). New Mexico has continued to require a residuum of competent evidence to support the findings of an administrative agency where a substantial right is at stake.  *Trujillo v. Employment Security Commission,* 94 N.M. 343, 610 P.2d 747 (1980).

██  Our decision in this case to review the whole record does not negate the residuum rule.  The substantial evidence rule and the whole record standard which we now adopt reaffirm the rule that some competent evidence is required to support an action by an administrative agency which affects a substantial right.

In this opinion we have not addressed the question of whether the Duke City burner emissions exceeded the NAAQS.  Neither have we made a determination as to whether violation of this standard alone, or in conjunction with medical evidence presented at trial, justifies denial of a variance. The agency decision on these questions should now be reviewed by the Court of Appeals, based upon the standard of review which we have pronounced in this opinion.

The Court of Appeals is reversed and the cause remanded to it for further proceedings consistent with this opinion.

IT IS SO ORDERED.

RIORDAN, STOWERS and WALTERS JJ., concur.

SOSA, Senior Justice, dissents.

SOSA, Senior Justice.

After rehearing was granted and the new majority opinion filed, I still cannot agree with the majority for the reason that the new standard announced allows this Court to substitute its judgment for the lower court or administrative body with impunity.  I agree that the Court of Ap-

peals should review the matter. To that extent, I favor this opinion over the previous opinion which merely reversed.