772 P.2d 1303

**Irene MOLENDA, Plaintiff–Appellant,**

v.

**David A. THOMSEN and State of New Mexico Department of Labor Employment Security Division, Defendants–Appellees,**

No. 17894.

Supreme Court of New Mexico.

May 1, 1989.

Paul A. Hoffman, Albuquerque, for plaintiff-appellant.

Constance Reischman, Albuquerque, for defendants-appellees.

OPINION

STOWERS, Justice.

Irene Molenda (Molenda), plaintiff-appellant, appeals a district court judgment affirming a decision by the New Mexico Employment Security Department Board of Review (Board), defendant-appellee, to deny Molenda's claim for unemployment compensation benefits. We affirm.

FACTS

In 1987 David A. Thomsen (Thomsen), formerly the City Attorney in Alamogordo, New Mexico, opened a private law office and offered Molenda a job as his legal secretary and assistant. Because Molenda had enjoyed working with Thomsen at the City Attorney's Office since 1982, she accepted his job offer. Molenda worked for Thomsen from March 9, 1987, to June 26, 1987.

Once in private practice, Molenda claimed that Thomsen was sometimes short-tempered, "edgy" and critical of her work. However, Molenda acknowledged that Thomsen never criticized her work unless it contained errors. When Molenda spoke to Thomsen about his behavior, he apologized and said he would try to avoid such behavior in the future. On June 26, 1987, Molenda was at her desk visiting with her boy-

friend, James Counts. Thomsen was in his office and heard them talking. After ten minutes or so, Thomsen came out of his office and told Molenda, in a loud voice, to take care of such matters on her own time and return to work. Then he told Molenda's boyfriend to leave his office. The record indicates that this is the only time Thomsen raised his voice or yelled at Molenda. Molenda's boyfriend left the office and waited outside. Molenda then told Thomsen, "You can't yell at me or James in that tone. I love you dearly but I quit." She then left the office and met her boyfriend outside. The next week Molenda called Thomsen and asked him to gather her belongings for pick up. Molenda came to collect her belongings and Thomsen delivered her final paycheck, stating he was sorry the job did not work out. Molenda told Thomsen she would have put up with anything except yelling, then she left the office.

On June 28, 1987, Molenda filed a claim for unemployment compensation benefits with the New Mexico Employment Security Department (NMESD), stating that she quit work due to "unsatisfactory working arrangements"; namely, Thomsen yelled at her. Thomsen claimed that Molenda quit work for personal reasons. On July 14, 1987, the NMESD determined that Molenda voluntarily quit work without good cause in connection with her work and denied her benefits claim. Molenda appealed the decision to the NMESD Appeals Tribunal and the NMESD Board; both affirmed the denial of Molenda's benefits claim. On October 21, 1987, Molenda appealed the Board's decision to the district court, which affirmed the Board's decision at a March 21, 1988, hearing. Molenda appeals the district court's judgment.

ISSUE

The issue on appeal is whether the district court correctly determined that the whole record contained substantial evidence to support the Board of Review's decision. *Duke City Lumber Co. v. Envtl. Improvement Bd.*, 101 N.M. 291, 294, 681 P.2d 717, 720 (1984). The trial court must adopt administrative findings supported by substantial evidence. *New Mexico Human Servs. Dep't v. Garcia*, 94 N.M. 175, 177, 608 P.2d 151, 153 (1980) (citation omitted). Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Register v. Robertson Constr. Co., Inc.*, 106 N.M. 243, 245, 741 P.2d 1364, 1366 (1987). The trial court views the evidence in the light most favorable to the agency, but it may not totally disregard unfavorable evidence. *Garcia*, 94 N.M. at 177, 608 P.2d at 153.

In deciding this issue we examine whether Molenda voluntarily quit work without good cause in connection with her work. Under NMSA 1978, Section 51-1-7(A) (Repl.Pamp.1987), Molenda is disqualified from receiving unemployment compensation benefits if the NMESD determined that she voluntarily left employment without good cause in connection with her employment. Good cause is established when an individual faces compelling and necessitous circumstances of such magnitude that there is no alternative to leaving gainful employment. *Ribera v. Employment Sec. Comm'n*, 92 N.M. 694, 695, 594 P.2d 742, 743 (1979). *See also* 81 C.J.S. *Social Security* § 226(a) (1977). Good cause is an objective measure of real, substantial and reasonable circumstances which would cause the average able and qualified worker to quit gainful employment. *Kistler v. Commw., Unemployment Compensation Bd.*, 52 Pa.Commw. 465, 467, 416 A.2d 594, 596 (1980). *See also* Annotation, *Unemployment Compensation: Harrassment or Other Mistreatment by Employer or Supervisor as "Good Cause" Justifying Abandonment of Employment*, 76 A.L.R. 3d 1089, 1092-93 (1977); Note, *Unemployment Insurance: Good Cause for Leaving Employment*, 20 Clev.St.L.Rev. 597, 597-98 (1971); 76 Am.Jr.2d *Unemployment Compensation* § 59 (1975). Good cause also includes the concept of good faith; a genuine desire to work and be self-supporting absent fraud. Annotation, 76 A.L.R.3d at 1093. *See also* 76 Am.Jr.2d *Unemployment Compensation* § 59 (1975).

Applying the law stated above, we find that Molenda's circumstances were *not* so compelling and necessitous that she had no alternative to quitting her job. Molenda voluntarily quit work immediately after Thomsen reprimanded her in a loud voice. Molenda did not attempt to resolve this problem with Thomsen prior to quitting, although Thomsen had been receptive to Molenda's past expressed concerns and demonstrated a willingness to correct any problems. Under the circumstances of this case we conclude that the district court's judgment was correct. We affirm.

IT IS SO ORDERED.

RANSOM and BACA, JJ., concur.