This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**THERESA BACA,**

Petitioner-Appellant,

v.                                                                               **NO.**  29,836

**NEW MEXICO DEPARTMENT OF WORKFORCE SOLUTIONS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sam B. Sanchez, District Judge**

Theresa Baca
Taos, NM

Pro Se Appellant

Rosa Q. Valencia
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Petitioner appeals from the district court's decision affirming the administrative denial of unemployment benefits. In our notice of proposed summary disposition, this Court proposed to affirm. Petitioner has timely filed a memorandum in opposition. We have considered Petitioner's arguments, and as we are not persuaded by them, we affirm.

On appeal from the district court's review of an administrative decision, "[t]his Court applies the same statutorily defined standard of review as the district court." *Miller v. Bd. of County Comm'rs of Santa Fe County*, 2008-NMCA-124, ¶ 16, 144 N.M. 841, 192 P.3d 1218 (internal quotation marks and citation omitted). Therefore, we may reverse only if "the administrative entity . . . acted fraudulently, arbitrarily, or capriciously; if the decision was not supported by substantial evidence in the whole record; or if the [entity] did not act in accordance with the law." *Id.* (internal quotation marks and citation omitted).

Petitioner's docketing statement asserted that the district court erred when it failed to request or verify the reason for Petitioner's medical leave, to look at documents related to Petitioner's medical leave, to discover that fraud was occurring within the Department, to ask for information about grievances, to ask the Department of Workforce Solutions to gather information about why Petitioner did not return to

work, and to ask the Department of Workforce Solutions whether Petitioner had continued to look for employment. In our notice of proposed summary disposition, we proposed to affirm because the district court, acting in its appellate capacity, was not required to help Petitioner seek out additional evidence to support her claims or to review evidence not presented to the administrative agency in the first instance. Furthermore, we proposed to hold that based on the information we could glean from Petitioner's docketing statement and the record proper, it did not appear that Petitioner had provided evidence to the administrative agency that would require a determination as a matter of law that Petitioner's medical conditions were related to her work. *See LeMon v. Employment Sec. Comm'n*, 89 N.M. 549, 551, 555 P.2d 372, 374 (1976) (holding that an employee was not eligible for unemployment benefits when he quit his employment for legitimate medical reasons that were not demonstrably connected to his job). We also noted that to the degree that Petitioner asserted that her posttraumatic stress disorder, pneumonia, and asthma were caused by a hostile work environment, we proposed to conclude that Petitioner had not presented evidence to the administrative agency of a work environment that would rise to the level of hostility necessary under the law. *See Molenda v. Thomsen*, 108 N.M. 380, 381-82, 772 P.2d 1303, 1304-05 (1989) (holding that an employee was not entitled to

unemployment benefits after she quit because her employer yelled at her, since this evidence did not establish "compelling and necessitous circumstances of such magnitude that there is no alternative to leaving gainful employment"). We stated that in any memorandum in opposition Petitioner wished to file, she would have to explain to this Court what evidence she actually presented to the administrative agency for its review.

In response, Petitioner has filed a memorandum in opposition that does not explain what evidence she actually presented to the agency. She attaches a number of documents to her memorandum, which this Court does not review as they are not part of the record on appeal, and we cannot determine whether they were reviewed in the first instance by the administrative agency. *See Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19 (stating that the "reference to facts not before the [decision making entity] and not in the record is inappropriate and a violation of our Rules of Appellate Procedure."); *Jemko, Inc. v. Liaghat*, 106 N.M. 50, 54, 738 P.2d 922, 927 (Ct. App. 1987) ("It is improper to attach to a brief documents which are not part of the record on appeal.").

As Petitioner has not demonstrated that the administrative agency acted fraudulently, arbitrarily, or capriciously, that its decision was not supported by

substantial evidence in the whole record, or that it did not act in accordance with the law, we find no basis on which to reverse. Therefore, for the reasons stated in this opinion and the notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**JAMES J. WECHSLER, Judge**

5