This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SOUTHWEST ENERGY EFFICIENCY PROJECT, ENVIRONMENT NEW MEXICO, SUNDANCER CREATIONS CUSTOM BUILDERS, LLC, eSOLVED, INC., TAMMY FIEBELKORN, FAREN DANCER, and SANDERS MOORE,**

Petitioners-Appellants,

v.                                                                                    **NO. 32,939**

**THE NEW MEXICO CONSTRUCTION INDUSTRIES COMMISSION, THE NEW MEXICO CONSTRUCTION INDUSTRIES DIVISION, and CLAY BAILEY, ACTING DIRECTOR OF THE NEW MEXICO CONSTRUCTION INDUSTRIES DIVISION,**

Respondents-Appellees.

**APPEAL FROM THE NEW MEXICO CONSTRUCTION INDUSTRIES COMMISSION**
**D. Randy Baker, Commission Chairman**

New Mexico Environmental Law Center
Douglas Meiklejohn
R. Bruce Frederick
Eric Jantz
Jonathan Block
Santa Fe, NM

for Petitioners-Appellants
Gary K. King, Attorney General
Luis Carrasco, Assistant Attorney General
Santa Fe, NM

for Respondent-Appellee New Mexico Construction Industries Commission

Regulation & Licensing Department
James C. McKay, Chief General Counsel
Santa Fe, NM

for Respondents-Appellees New Mexico Construction Industries Division
and Director Katherine Martinez

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}    Petitioners challenge the Construction Industries Commission's and Construction Industries Division's (collectively, the Commission) re-adoption of building codes initially adopted in 2011 (2011 codes).  This Court set aside the 2011 codes in a prior appeal because the Commission did not provide sufficient reasons for its adoption of the 2011 codes.  *See Sw. Energy Efficiency Project v. N.M. Constr. Indus. Comm'n*, Nos. 31,383, 31,386, 31,384, 31,385, mem. op. ¶ 14 (N.M. Ct. App. Apr. 4, 2013) (non-precedential).  The Commission subsequently reconvened, voted to re-adopt the 2011 codes,  and provided a statement of reasons for its decision. Petitioners argue in this appeal that (1) the Commission again failed to justify its

decision to adopt the 2011 codes; (2) there is not substantial evidence supporting the adoption of the 2011 codes; (3) the Commission's proceedings violated the Uniform Licensing Act's requirements for public hearings; (4) the Commission's actions were arbitrary, capricious, and an abuse of discretion; and (5) the Commission did not have jurisdiction when it adopted the 2011 codes. We address these issues in turn. Because we conclude that none of Petitioners' contentions are meritorious, we affirm the Commission's re-adoption of the 2011 codes.

{2} Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of this case, we reserve further discussion of the pertinent facts for our analysis.

**DISCUSSION**

**Statement of Reasons**

{3} Petitioners argue that the Commission failed to justify its decision to re-adopt the 2011 building codes. Petitioners contend that the statement of reasons is legally inadequate because: (1) it does not cite to the record; (2) it misrepresents comments and correspondence received by the Commission; (3) it relies on irrelevant information; and (4) the primary focus of its reasoning is arguments against the 2010 building codes instead of reasons supporting the 2011 codes. Because Petitioners do not provide any authority indicating that these concerns necessarily make an agency's

statement of reasons legally inadequate, we first briefly lay out the general framework for determining whether an agency has provided sufficient information to allow for review by this Court. Then we analyze whether the statement of reasons in this case meets that test.

{4} The general rule is that "in adopting regulations, administrative agencies must give some indication of their reasoning and of the basis upon which the regulations were adopted in order for the courts to be able to perform their reviewing function." *N.M. Mun. League, Inc. v. N.M. Envtl. Improvement Bd.*, 1975-NMCA-083, ¶ 16, 88 N.M. 201, 539 P.2d 221. "Formal findings are not required." *Pharm. Mfrs. Ass'n v. N.M. Bd. of Pharmacy*, 1974-NMCA-038, ¶ 17, 86 N.M. 571, 525 P.2d 931. Instead, "the only requirements are that the public and the reviewing courts are informed as to the reasoning behind the regulation." *Id.*; *see also City of Roswell v. N.M. Water Quality Control Comm'n*, 1972-NMCA-160, ¶ 14, 84 N.M. 561, 505 P.2d 1237.

{5} Using this framework, we conclude that the Commission's statement of reasons in favor of re-adopting the 2011 codes is legally sufficient. The statement of reasons lists sixteen reasons supporting the Commission's decision. The Commission stated that the 2011 codes were based on the 2009 International Energy Conservation Codes (IECC codes). The Commission believed that these codes balanced the objective of implementing energy efficient regulations with the need to limit building costs, which

4

the Commission found are often passed on to contractors or purchasers and tenants of buildings. Thus, the Commission believed that implementing the IECC codes would allow New Mexico "to possess a uniform set of codes and standards that advance sustainable design and construction, including more energy-efficient buildings, while avoiding substantial conflicts with building codes in other states" and would represent "a major advancement in energy-efficiency with minimal building cost increases." These reasons represent only a portion of the explanation given by the Commission, but our review leads us to conclude that the statement of reasons is sufficient to allow this Court to engage in meaningful review. That is all our cases require.

**Substantial Evidence**

{6}     Petitioners argue that there is insufficient evidence to support the Commission's re-adoption of the 2011 codes because the oral and written comments only provided conclusory allegations or arguments. A petition signed in favor of the 2011 codes provided no individual statement of reasons as to why the codes should be adopted, and none of the comments in favor of 2011 codes were subject to analysis or cross-examination. We address Petitioners' first two contentions here. We reserve discussion of Petitioners' last argument because it is redundant of a later issue.

{7}     The Uniform Licensing Act provides that a regulation shall be set aside if found to be "against the clear weight of substantial evidence of the record." NMSA 1978,

§ 61-1-31(C)(3) (1981). In challenging the sufficiency of the evidence in this case, however, Petitioners selectively emphasize certain points of evidence to support their contentions while wholly ignoring the reasons and evidence supporting the Commissions' decision. These omissions are fatal to their argument. *See Wachocki v. Bernalillo Cnty. Sheriff's Dep't*, 2010-NMCA-021, ¶ 17, 147 N.M. 720, 228 P.3d 504 ("Where the appellant fails to include the substance of all the evidence bearing upon a proposition, the Court of Appeals will not consider a challenge to the sufficiency of the evidence."(internal quotation marks and citation omitted)). With such a voluminous record and only small portions of it challenged by Petitioners, we cannot conclude that even if the challenged evidence was insufficient it would therefore leave the Commission's decision against the clear weight of substantial evidence. For example, Petitioners did not summarize evidence—or argue that such evidence did not exist—regarding whether adoption of the IECC codes would result in cost-effective measures to implement energy efficiency goals. Because Petitioners failed to provide a summary of all relevant evidence bearing on the Commission's decision to adopt the 2011 codes, we will not review this argument. *Id.*

{8}     For similar reasons, we reject Petitioners' argument that the Commission did not conduct a rational review of the evidence. The sum of Petitioners' argument on this point is that "[t]he [s]tatement of [r]easons does not cite to the [r]ecord,

6

and . . . mischaracterizes some [r]ecord items, makes inaccurate statements about others, and relies on assertions that are irrelevant to the [d]ecision, including arguments against the 2010 Building Codes." Petitioners' brief does not cite to any portion of the record to support these assertions. Instead, it cites to an earlier portion of their brief which is similarly unhelpful in allowing us to determine the portions of the record which support Petitioners' assertions. We decline to construct Petitioners' arguments for them, and will not review these arguments further. *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that this Court has no duty to review inadequately developed arguments).

**Uniform Licensing Act's Requirements for Public Hearings**

{9}      Petitioners argue that the Commission violated the Uniform Licensing Act's requirements for public hearings by not swearing in speakers or allowing cross-examination of witnesses. Petitioners rely on NMSA 1978, Section 61-1-29(D) (1981) of the Uniform Licensing Act which states, "At the hearing, the board shall allow all interested persons reasonable opportunity to submit data, views or arguments orally or in writing and to examine witnesses testifying at the hearing." Petitioners argue that in addition to requiring interested persons to be able to cross-examine witnesses, the statute requires speakers at the hearing to be sworn in because the use of the word "testifying" connotes that the speaker must speak under oath or

7

affirmation. *See* Rule 11-603 NMRA ("Before testifying, a witness must give an oath or affirmation to testify truthfully.").

**{10}** Petitioners' arguments are of no avail in this case. Our review of the record shows no instance in which interested persons at the meeting objected to the Commission's procedure or were denied an opportunity to exercise their right to examine witnesses. *See Duke City Lumber Co. v. N.M. Envtl. Improvement Div.*, 1983-NMCA-079, ¶ 29, 101 N.M. 301, 681 P.2d 727 (stating that where there was no objection to the agency's failure to swear in witnesses or allow cross-examination, there was no error), *rev'd on other grounds*, 1984-NMSC-042, 101 N.M. 291, 681 P.2d 717. We recognize that on one occasion an interested person attempted to question another person who had provided comment. Whether this was an attempt to "cross-examine" the speaker is open to question. In any event, the speaker relied on her statement in answer to the interested person's question and apparently refused to respond further. The interested person then began asking general questions of the audience and did not ask the Commission to instruct the first speaker to respond. The Commission asked him to proceed with his statement. Thus, even assuming the Commission's procedures were in error, it was inconsequential. *See Morris v. Merchant*, 1967-NMSC-026, ¶ 24, 77 N.M. 411, 423 P.2d 606 ("The function of an

appellate court is to correct an erroneous result, and it will not correct errors which, even if corrected, will not change the result.").

{11}     Furthermore, in the absence of a specific statutory or regulatory directive, we are hesitant to conclude that the Uniform Licensing Act mandates that all speakers at administrative hearings be sworn in. We recognize that the statute could perhaps be interpreted to draw a distinction between mere "interested persons" and other more substantive witnesses who should be sworn in. *See* Rule 11-603. However, because no one objected to these procedures at the hearing, the issue is not before us, and we will not engage in an undoubtedly complicated construction of the statute in this record. *Duke City Lumber Co.*, 1983-NMCA-079, ¶ 29. Accordingly, we will not set aside the 2011 codes on this basis.

**Jurisdiction of the Commission to Re-Adopt the 2011 Codes**

{12}     Petitioners argue that the Commission did not have jurisdiction to re-adopt the 2011 codes because a motion for rehearing filed after this Court's prior opinion stayed the case until after the Commission re-adopted the 2011 codes. The following is a brief summary of the events that form the basis of Petitioners' contention. This Court filed its Opinion on April 4. The appellees filed a motion for rehearing on April 19. This Court ordered a response brief from appellants on April 23. The Commission re-

adopted the 2011 codes on May 15.  Finally, on May 30 this Court denied the motion for rehearing.

**{13}**     Petitioners argue that this Court granted rehearing on April 23 by ordering a response brief from the appellants.  Petitioners therefore contend that this Court's decision was stayed until this Court ultimately denied the motion on May 30. *See* Rule 12-404(C) NMRA ("The granting of a motion for rehearing shall have the effect of suspending the decision or opinion of the court until final determination by the appellate court.").  Petitioners are incorrect, however, in stating that our order requesting additional briefing was a grant of the motion for rehearing.  A grant of the motion for rehearing is effectuated by the Court filing an order granting the motion, not by requesting additional briefing.  *See* Rule 12-404(B).

**{14}**     Additionally, Petitioners do not provide authority for their assertion that the general rule that an appeal divests a lower tribunal of jurisdiction applies to an administrative agency acting in its rule-making capacity.  *See Kelly Inn, No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 32, 113 N.M. 231, 824 P.2d 1033.  Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329.  The cases Petitioners cite regarding this rule applying to administrative agencies are cases

10

in which the administrative agency is acting in an adjudicatory capacity. Accordingly, we conclude that the Commission had the authority to re-adopt the 2011 codes.

**CONCLUSION**

{15}    For the foregoing reasons, we affirm the Commission's re-adoption of the 2011 codes.

{16}    **IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**RODERICK T. KENNEDY, Chief Judge**

**J. MILES HANISEE, Judge**