This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38371**

**ONLINE RADIOLOGY MEDICAL
GROUP, INC.,**

  Protestant-Appellant,

v.

**NEW MEXICO TAXATION & REVENUE
DEPARTMENT,**

  Respondent-Appellee.

**APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE
Chris Romero, Hearing Officer**

Sutin, Thayer & Browne
Suzanne W. Bruckner
Wade L. Jackson
Albuquerque, NM

for Appellant

Raúl Torrez, Attorney General
Peter Breen, Special Assistant Attorney General
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Online Radiology Medical Group, Inc. (Taxpayer) appeals from an administrative hearing officer's (AHO) decision and order upholding an assessment of gross receipts tax liability made by the New Mexico Taxation and Revenue Department pursuant to the Gross Receipts and Compensating Tax Act (GRCTA), NMSA 1978, §§ 7-9-1 to -120

(1966, as amended through 2022). Taxpayer argues that (1) the AHO erred by applying the legal residuum rule to the tax protest adjudication; (2) in the alternative, if the rule is applicable, the AHO misapplied it here; and (3) the AHO's finding that the stipends were subject to the GRCTA was not supported by substantial evidence. We affirm.

## DISCUSSION

### I. The AHO Did Not Err by Applying the Legal Residuum Rule to Taxpayer's Tax Protest Adjudication

**{2}**    Taxpayer argues that this Court should reverse the decision and order because the legal residuum rule does not apply in proceedings that "only involve[] money," and especially where, as here, the application of the rule would favor a government agency. We understand Taxpayer to contend that because the AHO erred by concluding that the legal residuum rule applies, the decision and order was "not in accordance with the law." NMSA 1978, § 7-1-25(C)(3) (2015). We are not persuaded.

**{3}**    Under New Mexico law, the legal residuum rule "require[s] a residuum of competent evidence to support the findings of an administrative agency *where a substantial right is at stake*." *Duke City Lumber Co. v. N.M. Env't Improvement Bd.*, 1984-NMSC-042, ¶ 19, 101 N.M. 291, 681 P.2d 717 (emphasis added). Taxpayer has not persuaded us that New Mexico law precludes application of the legal residuum rule in the context of taxation—i.e., that taxation involves a purely monetary interest, and a monetary interest does not amount to a substantial right. Indeed, in our Supreme Court's most recent legal residuum rule precedent—in which it explicitly reaffirmed the "substantial right" limitation on the rule's applicability—the Court applied the rule when the dispute involved a corporation's property interests.[1] *See generally Duke City Lumber Co.*, 1984-NMSC-042.

**{4}**    In addition, Taxpayer has cited no case from New Mexico or elsewhere to support the notion that the legal residuum rule should be applied asymmetrically—that is, against state agencies but not in favor of them. Nor has Taxpayer presented us with anything more than a conclusory assertion that the legal residuum rule should be applied in this manner. Absent authority or a developed argument on the subject, we decline to break new ground under New Mexico law by holding that the legal residuum rule applies asymmetrically. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

**{5}**    For these reasons, Taxpayer has not persuaded us that the AHO erred by applying the legal residuum rule to the tax protest adjudication here. *See Farmers, Inc.*

---

[1] Our research reveals that the legal residuum rule has been abolished under federal law, *Richardson v. Perales*, 402 U.S. 389 (1971), and that New Mexico's legal residuum rule jurisprudence has been the subject of judicial and academic criticism. *See Chavez v. Emp. Sec. Comm'n*, 1982-NMSC-077, ¶¶ 25-41, 98 N.M. 462, 649 P.2d 1375 (Easley C.J. & Payne, J., dissenting); Michael B. Browde, *Substantial Evidence Reconsidered: The Post-Duke City Difficulties and Some Suggestions for Their Resolution*, 18 N.M. L. Rev. 525, 534-35, 554, 556-57 (1988). However, Taxpayer has not discussed these authorities' criticisms and, in any event, we are bound by our Supreme Court's precedent on the subject.

*v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("Appellant must affirmatively demonstrate its assertion of error.").

## II.     The AHO Did Not Misapply the Legal Residuum Rule to Taxpayer's Tax Protest Adjudication

**{6}**      Taxpayer also contends that, if the legal residuum rule is generally applicable to tax protest proceedings, the AHO misapplied it here, and the decision and order is therefore "not in accordance with the law." Section 7-1-25(C)(3). We disagree.

**{7}**      Taxpayer's arguments on appeal focus on the testimony of James Ortiz, Taxpayer's only witness at the hearing. At the time of the hearing, Mr. Ortiz was employed by REDW, LLC as a senior manager in its tax department. Taxpayer contracted with REDW to perform audit defense services on its behalf, but notably REDW "did not represent Taxpayer during any year giving rise to the audit." Mr. Ortiz testified regarding Taxpayer's business practices and accounting.

**{8}**      To the extent that Taxpayer argues that the legal residuum rule does not require the "exclusion of witness testimony" from evidence, we agree, but we do not read the decision and order as excluding any of Mr. Ortiz's testimony from evidence. Instead, we believe that the AHO admitted all of Mr. Ortiz's testimony into evidence during the administrative hearing but concluded—for purposes of applying the legal residuum rule—that parts of that testimony that were critical to Taxpayer's case were not based on personal knowledge and therefore would not have been admissible in a jury trial. *See* Rule 11-602 NMRA ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). The AHO determined that Mr. Ortiz's "testimony on all matters for which he did not possess personal knowledge falls short of satisfying the legal residuum rule," and that he lacked personal knowledge of "all non-accounting issues, including the nature and location of services Taxpayer provided in consideration for its stipend or cash collection guarantee payments." In the decision and order, the AHO pointed out that Mr. Ortiz's lack of personal knowledge on these subjects left "a palpable void" in Taxpayer's case. For example, the AHO stated that Taxpayer failed to present testimony from a witness with personal knowledge of whether any of the radiologists employed by Taxpayer were located in New Mexico. The AHO also stated that Taxpayer failed to present testimony from a witness with personal knowledge of whether Taxpayer's exhibits proved what they purported to prove regarding the stipend payments. Because Rule 11-602 requires fact witnesses to have personal knowledge of the facts about which they testify, and because the legal residuum rule requires some evidence that would be admissible under the Rules of Evidence, *see Young v. Bd. of Pharmacy*, 1969-NMSC-168, ¶ 15, 81 N.M. 5, 462 P.2d 139, we conclude that the AHO did not erroneously apply the legal residuum rule by asking whether specific pieces of testimony essential to Taxpayer's case were based on personal knowledge.

**{9}**      To the extent that Taxpayer contends that Mr. Ortiz's testimony was based on evidence, specifically documents that Taxpayer used as exhibits, that would have been

admissible under the Rules of Evidence, Taxpayer has not adequately developed an argument on appeal. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them."). Taxpayer's entire argument regarding admissibility under the Rules of Evidence is a single sentence: "Those documents would be admissible pursuant to Rules 11-803(6) and 11-807 NMRA." Taxpayer has not explained why we should conclude that these exceptions to the rule against hearsay apply to the exhibits in question, nor has Taxpayer explained why the admissibility of those documents impacts Mr. Ortiz's personal knowledge *about* those documents. We decline to imagine such an argument for Taxpayer. *Elane Photography, LLC*, 2013-NMSC-040, ¶¶ 70-71. For these reasons, we do not reach the merits of this argument.

### III. The AHO's Finding That the Stipend Payments Were Subject to the GRCTA Is Supported by Substantial Evidence

**{10}** Lastly, Taxpayer claims that the AHO's finding that the stipends were taxable gross receipts was not supported by substantial evidence. We disagree.

**{11}** "[W]e determine whether, viewing the evidence in a light most favorable to the agency's decision, the findings have substantial support in the record as a whole." *Wing Pawn Shop v. N.M. Tax'n & Revenue Dep't*, 1991-NMCA-024, ¶ 8, 111 N.M. 735, 809 P.2d 649. "The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *N.M. Tax'n & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 20, 336 P.3d 436 (internal quotation marks and citation omitted). "When more than one inference can be drawn from the evidence, the determination made by the hearing officer is conclusive." *Id.* "[W]e will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder." *Id.* (internal quotation marks and citation omitted).

**{12}** Viewing the evidence in a light most favorable to the AHO's decision, we cannot conclude that the AHO erred in determining that the stipends were taxable gross receipts. The AHO based this determination on his assessment of the testimonial and contract evidence. As for the former, the AHO found that Mr. Ortiz's testimony was not based on personal knowledge. As for the contract evidence, the AHO determined that it "reveal[ed] that the stipend was also intended to compensate Taxpayer for other functions as well, including a medical directorship and interventional support services." The AHO also stated that Taxpayer failed to present any evidence to clarify "why the [AHO] should view [Taxpayer's remote radiology services] in isolation from [its other functions]." In the absence of evidence showing that Taxpayer's remote radiology services should be isolated from the other services for which the stipends were intended to compensate (i.e., the medical directorship and interventional support services) or that the stipends constituted compensation exclusively for services Taxpayer performed outside of New Mexico, the AHO's determination is conclusive. *See Casias Trucking*, 2014-NMCA-099, ¶ 24 ("When more than one inference can be drawn from the evidence, the determination made by the hearing officer . . . is conclusive.").

**{13}**   We hold that substantial evidence supports the AHO's challenged finding.

**CONCLUSION**

**{14}**   We affirm.

**{15}   IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**KATHERINE A. WRAY, Judge**